No. 18,917.

FLOYD SALISBURY, *Appellant*, V. ALMIRA SALISBURY
et al., *Appellees*.

SYLLABUS BY THE COURT.

WILL—*Construction*—*Will Does Not Violate Rule against Per-
petuities.* A will provided that a fund should be placed in the
hands of a trustee, the income to be paid to a son of the
testator during his life; that on the death of the son, if he
left no issue and the testator's widow was dead, the fund
should go to. the testator's "surviving heirs"; that if the
widow were alive she should have the fund for her life, and
it should then go to the testator's "surviving heirs"; that if
the son left issue they should have the income for life, and at
their death the fund should go to the testator's "surviving
heirs." *Held*, that the will should be construed as intended to
vest the title to the fund in the testator's heirs upon the death
of his son, their enjoyment of it to be postponed during the
life of the son's issue, and that the rule against perpetuities
was not violated.

Appeal from Brown district court; WILLIAM I.
STUART, judge. Opinion filed June 6, 1914. Affirmed.

*James Falloon*, of Hiawatha, for the appellant.

*W. F. Means*, of Hiawatha, for the appellees.

The opinion of the court was delivered by

MASON, J.: This is an action brought to obtain an
interpretation of the will of Nathaniel Salisbury. The
vital question involved is whether it violates the rule
against perpetuities. It provides for placing a stated
sum in the hands of a trustee to be invested in real-
estate mortgages, the interest to be paid quarterly to
the testator's son, Floyd. Provision is made for sub-
stitution in case of the death of the trustee. The part
of the will the effect of which is in dispute relates to
the disposition of this fund, and is contained in a
paragraph reading as follows:

"If my son, Floyd Salisbury should die leaving no
issue, then the trust or trusts named in this will shall
revert to my wife, if living, or if dead, or at her death,

to my surviving heirs equally. If my son Floyd should die leaving issue surviving, this trust shall remain operative during the lifetime of said issue, but at the death of such issue this trust is to be terminated, and the trust herein named shall revert to my surviving heirs."

It is urged that by virtue of the second sentence of this paragraph Floyd is to have the beneficial use of the fund for his life, and then his children are to enjoy it for their lives, and upon their death, and not until then, the title is to vest in the surviving heirs of the testator; that inasmuch as Floyd might have a child born after the death of the testator the vesting of the title might be postponed for a longer term than the life of a person in being and twenty-one years additional, thus violating the rule against perpetuities. It is sometimes said that a will is to be construed as though no such rule existed, and the intention of the testator having been thus ascertained, the rule should be applied. (30 Cyc. 1498.) But we think where the language used is ambiguous the courts should prefer a construction which upholds the will, rather than one which defeats it. (*Klingman v. Gilbert*, 90 Kan. 545, 549, 135 Pac. 682.) This will is valid if its purpose is to vest a title to the fund in the testator's heirs at the time of his death, or at the time of Floyd's death, although the actual possession and enjoyment is to be postponed until the death of Floyd's children, the rule being the same whether the property affected is real or personal. (30 Cyc. 1474, 1481.) We think the will is open to that construction, and should be so construed. Obviously in framing it words were not used with technical accuracy. "Trust" designates the fund which is the subject of the trust, and "revert to" is employed in the sense of "go to." In the case of a gift to heirs of the testator, the members of a class are to be ascertained at the time of the testator's death, if the context permits. (40 Cyc. 1481, 1511.) And in any event a construction is preferred which results in the earliest

possible vesting of an estate. (40 Cyc. 1650.) The term "surviving heirs," consistently with the intention of the testator, may refer to his heirs who survive Floyd. Where it is first used it must have that meaning, for provision is there made for the disposition of the fund if Floyd survives the testator's widow and dies without issue. It seems reasonable to give it the same meaning throughout the paragraph. Under this construction, upon the death of Floyd the persons will be in existence who are to have the property immediately upon the death of his children. Their title to it, therefore, is to .vest at Floyd's death, the possession and enjoyment of it being postponed. (40 Cyc. 1648.)

The judgment is affirmed.