No. 22,741.

### KATE CAIN et al., *Appellants*, v. CORA MAY VIVIER et al., *Appellees.*

#### SYLLABUS BY THE COURT.

WILL—*Descent of Real Estate—Not Obnoxious to Rule Against Perpetuities.* A devise in a will, giving a life estate in real property to one person, and at his death giving the fee in that property to others, does not violate the rule against perpetuities, although, until the death of the life tenant, it cannot be definitely ascertained who takes the property.

Appeal from Osage district court: ROBERT C. HEIZER, judge. Opinion filed December 11, 1920. Affirmed.

*Ralph O'Neill,* of Topeka, *J. P. McLaughlin,* of Osage City, *H. H. McCluer,* and *Omar E. Robinson,* both of Kansas City, Mo., for the appellants.

*A. B. Crum,* of Lyndon, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs commenced this action to get a construction and a definition of the true meaning of the following language contained in the fourth division of a will:

"I give, devise and bequeath to my son, James W. Cain . . . To have and to hold the same with all the use and benefits thereof, during the period of his natural life only, . . . and after his death, then to his children, share and share alike. In the case of the death of any of his said children leaving living issue surviving, the share, or shares of such deceased child or children, shall go to the issue of such deceased child or children. In case there are no deceased children, or living issue of deceased children, then the living children of my said son James W. Cain shall take all of said property, to have and to hold the same in common forever."

The construction placed on the devise to James W. Cain and to his children also applies to a like devise, in the sixth division of the will, to Charles Cleveland Cain and to his children. The petition covered both devises.

The plaintiffs alleged that the language quoted was uncertain, indefinite and ambiguous, and that they and the defendants were unable to determine the exact meaning thereof or to

construe the language, and that there was a dispute between them as to its true meaning. Judgment was rendered in favor of the defendants, and the plaintiffs appeal. The court found and declared:

"That the part of paragraph 4 of the said will of Thomas Cain marked Exhibit A of plaintiffs' petition, whereby the testator, Thomas Cain, undertook to dispose of the lands therein described after the interests of James W. Cain in said land had terminated is not void for the reason that it creates a perpetuity and prevents the alienation of said land for a period longer than is permitted by the law of the State of Kansas."

The petition did not allege that any portion of the will was void by reason of its violating the law against perpetuities, but the plaintiffs urge that matter in this court to secure a reversal of the judgment.

This court in *Kingman v. Gilbert*, 90 Kan. 545, 135 Pac. 682, discussed the rule against perpetuities, and quoted the following language from 30 Cyc. 1482, 1483:

" 'The rule requires that future interests within its scope should vest within twenty-one years, exclusive of periods of gestation, after a life or lives in being. . . . It is not enough that the future interest may, or even that it will, in all probability, vest within the limits. It must necessarily so vest.' " (p. 548.)

In *Lasnier v. Martin*, 102 Kan. 551, 171 Pac. 645, the rule was stated as follows:

"The rule against perpetuities is that no future interest in property can lawfully be created which does not necessarily vest within twenty-one years after some life or lives presently in being, excluding from such computation of years the incipient life of infants *in ventre sa mere*." (Syl. ¶ 2.)

An analysis of the devise to James W. Cain and to his children reveals that he is given a life estate; on his death the land goes to his children, share and share alike. If any of his children are dead, the land goes to the children of the deceased child at the death of James W. Cain. If all the children of James W. Cain, whether born before or after the will was made, are living at his death, the land will go to them. If a deceased child of James W. Cain should leave no child, the land will go to the living children of James W. Cain, including his unborn child, if any. This does not violate the rule against perpetuities; the title of the land is settled absolutely at the death of James W. Cain, and the ones who then take the land

get a fee-simple title to an undivided interest therein. *Coleman v. Coleman,* 69 Kan. 39, 76 Pac. 439, *Keeler v. Lauer,* 73 Kan. 388, 85 Pac. 541, *Salisbury v. Salisbury,* 92 Kan. 644, 141 Pac. 173, support the conclusion reached by this court.

The judgment is affirmed.