No. 37,245

GARRETT B. SPARK, Administrator of the Estate of Henry J. Spark, Deceased, *Appellee,* v. GERALDINE BROWN, *Appellant,* and THE WICHITA FEDERAL SAVINGS AND LOAN ASSOCIATION.

(205 P. 2d 938)

Opinion filed May 7, 1949.

*L. M. Kagey,* of Wichita, argued the cause, and *Max L. Hamilton,* of Wichita, was with him on the briefs for appellant Mabel Geraldine Spark Brown.

*Roy L. Rogers,* of Wichita, argued the cause, and *Joe T. Rogers,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to determine the ownership of a sum of money in a savings account certificate in a building and loan association. The trial court heard the evidence and made findings of fact and conclusions of law and rendered judgment for plaintiff. The contesting defendant has appealed.

In the petition, filed February 13, 1947, plaintiff alleged that he was the duly appointed, qualified and acting administrator of the estate of Henry J. Spark, deceased, a resident of Sedgwick county, who died intestate on October 22, 1946; that at the time of his death he was the owner of a savings share certificate in the defendant building and loan association in the sum of $3,232.77, which was due and owing to the plaintiff as administrator; that the building and loan association refused to pay or to recognize the right of plaintiff therein; that the defendant, Geraldine Brown, claims some interest in the fund, but her rights thereto are of no legal force. The prayer was that plaintiff recover from the association the amount due on the certificate and that defendant, Geraldine Brown,

be adjudged to have no interest therein. The building and loan association filed an answer in which it admitted its status and that there was a savings account in the association; that the names of Henry J. Spark, Charles A. Spark and Mabel Geraldine Spark appear in the savings account, a copy of which was set up as a part of its answer. It admitted the account was in the sum of $3,232.77, which sum the association offered into court upon the surrender of the share account passbook. The prayer was that Charles A. Spark be made a party defendant and that the association be permitted to pay the sum into court upon the surrender of the share account passbook, subject to the further order of the court. It was stipulated that the association need not pay the money in, but should act as a stakeholder of the fund pending the determination of the rights of the contesting parties thereto, and without cost to the association. Charles A. Spark filed an answer in which he disclaimed any interest in the account and alleged that an agreement had been entered into between himself, Henry J. Spark and Mabel Geraldine Brown (nee Spark) by which the account should be owned jointly by Henry J. Spark and Mabel Geraldine Brown, with the right of survivorship. Geraldine Brown filed an answer in which she stated her full name was Mabel Geraldine Brown, and prior to her marriage her surname was Spark, and denied the allegations of the petition not specifically admitted. She further alleged that about February 21, 1938, she and Henry J. Spark opened a savings account in the defendant association and there was issued to them jointly in their names Certificate No. S.333; that as a result of their joint efforts each of them deposited in the account, severally and jointly, sums totalling the present amount of the account, and that the account was made in the name of Henry J. Spark and/or Mabel Geraldine Spark, "with the specific agreement that it was a joint account with the right of survivorship"; that Henry J. Spark died October 22, 1946, leaving the answering defendant the sole owner of the certificate in question, and during the lifetime of Henry J. Spark it was definitely agreed between him and the answering defendant that the savings account was to be a joint account with the survivor of the two to receive the entire sum so deposited. She alleged she should receive the entire amount of the account and that plaintiff should receive nothing, and the prayer was to that effect. The court's findings of fact tell the story very well, and will be summarized or quoted as follows: The first three state the status of the parties, the fourth

that Charles A. Spark had filed a disclaimer and relinquishment of his rights to the fund in controversy.

"5. That on or about the 21st of February, 1938, the decedent, Henry J. Spark, made application for a savings share account in the Wichita Federal Savings and Loan Association and for the issuance of membership in the approved form; and that pursuant to such application there was issued to him a passbook in his name.

"6. That the application was an application for individual membership; and that Henry J. Spark signed no application for a joint membership with any person.

"7. That Charles A. Spark signed an application for a joint savings share membership (Exhibit 1), with the right of survivorship on the back of the same application form as Henry J. Spark signed applying for an individual membership.

"8. That the names of Charles A. Spark and Mabel Geraldine Spark also appear upon the account card (Exhibit 2), maintained by the defendant, the Wichita Federal Savings & Loan Association, at its place of business in Wichita, Kansas, and in the regular course of such business, but that there is no evidence as to who entered such names on said account card or cards; and that Mabel Geraldine Spark never at any time signed any signature card or application card with the Wichita Federal Savings & Loan Association.

"9. That under the rules and customs of such association, the monies deposited in the said savings share account could be withdrawn only upon the presentation of the passbook (Exhibit 3) by some person entitled thereto.

"10. That the passbook (Exhibit 3) issued to Henry J. Spark was in his possession at all times and was never delivered to Mabel Geraldine Brown, or to Charles A. Spark.

"11. That the decedent, Henry J. Spark, entered in his passbook (Exhibit 3) for said savings share account, the names of Mabel Geraldine Spark and Charles A. Spark, or had some person do it at his direction.

"12. That the decedent, Henry J. Spark, authorized the defendant, the Wichita Federal Savings & Loan Association to enter the name of Mabel Geraldine Spark on their account ledger and to strike the name of Charles A. Spark in the account as shown by Exhibit 2, being account No. S-333.

"13. That there is no evidence of any contract between Geraldine Brown and Henry J. Spark, or between Geraldine Brown and the Wichita Federal Savings & Loan Association, that such contract should be a joint and survivor contract.

"14. That the sum now in said savings share account number S-333 of the Wichita Federal Savings & Loan Association are in the total amount of $3,232.77.

"15. That the said Henry J. Spark was, during his lifetime, the sole owner of the said savings share account No. S-333, and that he never at any time made a completed gift of such savings account, nor completed a contract that any person should have any rights therein.

"16. That the plaintiff, Garret B. Sparks, as administrator, is entitled to the said fund and savings share account number S-333 and that the said

plaintiff should have judgment against the defendant the Wichita Federal Savings & Loan Association, for all monies now in said account, or which may accumulate in said account under the rules of such association prior to the payment of such monies into the office of the Clerk of the District Court.

"17. That the plaintiff is entitled to judgment against the defendant, Geraldine Brown, for the costs herein, and that pursuant to the stipulation of the parties, the Wichita Federal Savings and Loan Association should have no cost taxed against them."

Defendant moved to set aside or to modify certain of the court's findings of fact as not supported by the evidence, or as being contrary to the evidence. This was considered by the court and overruled, as was also defendant's motion for a new trial, and judgment was rendered for plaintiff.

In this court counsel for appellant contend that the court erred in overruling the motion for judgment on the pleadings, and also erred in its findings of fact and in rendering judgment for plaintiff. These contentions are argued together. The principal material evidence consisted of the records of the building and loan association and of the passbook issued to Henry J. Spark and the testimony of Mr. Cauthorn, the president of the association at the time of the trial. His father, who was president of the association in 1938 when the account was started, and M. R. Burton, secretary of the association at that time, were deceased. No one testified concerning any agreement between the officers of the association and Henry J. Spark, or the appellant, Geraldine Brown, at the time the account was started. There was no testimony of the agreement among any of the parties as alleged by the answer of the defendant, Geraldine Brown, nor was there any testimony as to the agreement alleged in the answer and disclaimer of Charles A. Spark. We have examined all of the evidence carefully and find no reason to say that the findings of the trial court were contrary to the evidence. In fact, we find evidence to support them. It is true some of them could have been framed in different language, but we regard that as immaterial.

At the time the account was started in 1938 the defendant building and loan association was authorized under its law to issue its shares to an individual, or under the statute (G. S. 1935, 17-1049, in force at that time) the association was authorized to issue shares to two persons in either of two forms (a) "payable to either." If issued in that form the association was authorized to pay to either of the persons named without consulting the other. This part of the

statute was designed for the protection of the association in the making of payments. It has nothing to do with the ownership of the fund as between the two parties. Also, the association was authorized to issue shares to two persons (b) "payable to either or the survivor." If the shares were issued in that form the association could pay the entire amount to the survivor in the event of the death of one of the persons named. A section of the banking statute (G. S. 1935, 9-173), containing identical language as to bank accounts, was interpreted by this court in *Malone v. Sullivan,* 136 Kan. 193, 14 P. 2d 647, to have the meaning we have applied to G. S. 1935, 17-1049. See, also, *Asche v. Matthews,* 136 Kan. 740, 18 P. 2d 177; *Corson v. Oakley,* 138 Kan. 520, 27 P. 2d 290; *Bouska v. Bouska,* 159 Kan. 276, 153 P. 2d 923; *Edwards v. Commissioner of Internal Revenue,* 102 F. 2d 757; 1 A. L. R. 2d 247. The essential difference in the Malone case and in the case before us is that while the account stood in the names of two persons in the bank there was definite proof that at the time the account was opened both the persons named appeared at the bank, told the banker they desired to open an account in their two names as a joint account with the right of survivorship, and all parties, including the representative of the bank, agreed that the account should be opened as a joint account with the right of survivorship, and upon that evidence the court held that upon the death of one of them the survivor was the owner of the account. Here we have no such evidence. It is true that the account, which was brought into court by the president of the association at the time of the trial, showed three names, but there was no evidence as to when or by whom those names were added to the account, and the account itself did not state anything about the rights of a survivor. The passbook issued to Henry J. Spark was one for an individual account of Henry J. Spark. His name alone appears upon the face of the account. It is true that on the inside page, where the name was again stated, there appeared the name also of Charles A. Spark, with no evidence to show by whom that was written or when, and also appeared the name of Mrs. Joe Brown, with evidence that name was in the handwriting of Henry J. Spark. When that was written, or under what circumstances, or whether by any agreement with him and someone else, or what that agreement was, is not disclosed. Even that statement did not say anything about the rights of a survivor. There was no evidence in support of appellant's answer of the agreement she alleged was

made between her and Henry J. Spark at the time the account was opened. Even that agreement was not alleged to have been made with the defendant building and loan association, and as far as the record discloses if such an agreement ever was made the building and loan association knew nothing about it.

The banking statute involved in the Malone case, *supra,* was revised in 1947 and is G. S. 1947 Supp. 9-1205. The building and loan statute, above referred to (G. S. 1935, 17-1049), was amended in 1943 and is G. S. 1947 Supp. 17-5804. These changes, however, make no material difference in the case before us.

Joint tenancies with the right of survivorship as they existed at common law, never have been favored in this state. In 1891 the legislature enacted a statute (Laws 1891, ch. 203, G. S. 1935, 22-132) to make that clear. In *Withers v. Barnes,* 95 Kan. 798, 149 Pac. 691, it was held this statute abolished joint tenancies and the doctrine of survivorship created by operation of law, but had no application to a conveyance purposely made to have that effect. The doctrine of that case still prevails in this state, as shown by our cases above cited. In 1939 (Laws 1939, ch. 181, sec. 1, G. S. 1947 Supp. 58-501), G. S. 1935, 22-132, was rewritten so as to apply to both personal and real property and to what was known as estates in entirety, and other joint tenancies under the common law, so as to read:

"Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: *Except,* That a grant or devise to executors or trustees, as such, shall create in them a joint tenancy unless the grant or devise expressly declares otherwise."

The result is that when one desires to create a joint tenancy with the right of survivorship language must be used to make that intention clear, otherwise it will not be created. We think it clear that the evidence in this case was insufficient to establish a joint tenancy with the right of survivorship.

We find no error in the record. The judgment of the trial court is affirmed.