No. 37,874

In re Estate of E. H. Fast, Deceased. (MINNIE M. MINGLIN [Alias Minnie M. Fast], *Appellee,* v. JOHN M. FAST, Administrator of the Estate of E. H. Fast, Deceased; MYRTLE M. FAST, *Appellants.*)

(218 P. 2d 184)

Opinion filed May 6, 1950.

*Floyd H. Coffman,* of Ottawa, argued the cause, and *Harry T. Coffman,* of Lyndon, was with him on the briefs for the appellants.

*Tinkham Veale,* of Topeka, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This appeal is from a judgment construing a transaction to have resulted in the creation of a joint tenancy with right of survivorship in Minnie M. Minglin, the claimant thereto. The widow of a deceased husband and the administrator of the estate of the deceased contended in the probate court and on appeal in the district court such a tenancy was not created by means of an account the deceased had with Minnie M. Minglin.

Some of the preliminary facts, in substance, were: E. H. Fast started in the real estate business in Topeka in 1922; about 1925 he met Minnie M. Minglin, a clerk in one of the Topeka stores; she owned about $2,000 in her own right; E. H. Fast, the deceased, invited her to join him in the real estate business; whether she joined him as a partner or as an assistant need not be determined; in 1935 Fast proposed to her and they went through a marriage ceremony in Kansas City, Kansas; Fast falsely informed her he had been divorced from his former wife years ago; she bought a home in Topeka with her money in which they lived and conducted a real estate business until Fast's death in 1948; during the period from 1935 to 1948 the deceased at all times publicly and privately held out Minnie M. Minglin (alias Minnie M. Fast) as his wife; she signed all real estate conveyances with him as his wife; they had no children; a safety deposit box of E. H. Fast in a Topeka bank was opened after Fast's death and the passbook to the account in question, No. 4036 in the Shawnee Federal Savings and Loan Association, was found together with papers belonging to both E. H. Fast and Minnie M. Minglin; Minnie M. Minglin had a key to the box; Fast's widow, Myrtle M. Fast, came to Topeka with her attorney and petitioned for the appointment of John M. Fast, a son of the deceased and Myrtle M. Fast, to be appointed administrator of the decedent's estate; the appointment was made.

Minnie M. Minglin filed a claim in the probate court covering a number of items including ownership of the passbook previously mentioned. She prevailed with respect to the passbook. The only issue is whether the account in the loan association constituted a joint tenancy which the survivor, Minnie M. Minglin, owned at the death of E. H. Fast or whether it constituted a tenancy in common. The account was opened by Fast May 23, 1944. The application to open the account contained the following heading:

"Account No............SS 4036............

"(1)......................................................Fast, Earl H. Or........................................................
    "(To be typed)      (Surname)      (First Name)      · (Middle Name)
"(2)......................................................Fast, Minnie M........................................................"

The remainder of the application reads:

"The undersigned hereby apply for a membership and for a..........Savings..........share account in the

"SHAWNEE FEDERAL SAVINGS AND LOAN ASSOCIATION

and for the issuance of evidence of membership in the approved form in the joint names of the undersigned as joint tenants with the right of survivorship and not as tenants in common.* Receipt is hereby acknowledged of a copy of the charter and by-laws of said association. Specimens of the signatures of the undersigned are shown below and the Association is hereby authorized to act without further inquiry in accordance with writings bearing any such signature; it being understood and agreed that any one of the undersigned who shall first act shall have power to act in all matters related to the membership and any share account in said association held by the undersigned, whether the other person or persons named in the certificate be living or not. The repurchase or redemption value of any such share account or other rights relating thereto may be paid or delivered in whole or in part to any one of the undersigned, who shall first act, and such payment or delivery or a receipt or acquittance signed by any one of the undersigned shall be a valid and sufficient release and discharge of said association.

"(1) Signature......Earl H. Fast............ (2) Signature...................................
"Street Address......2061 Calif Ave...... Street Address.................................
"City and State......Topeka Kan............ City and State.................................
"Dated......May 23 - 44............................ Introduced by.................................

"* The certificate issued pursuant to this application for membership of joint holders must be filled out by inserting in the first blank space the names of the joint holders; for example, 'John Doe and Richard Roe,' immediately followed by the words: 'as joint tenants with the right of survivorship and not as tenants in common.' Joint tenants with the right of survivorship constitute ONE member as a partnership constitutes one member.

"(b) Membership of joint holders (with right of survivorship) of a share account.

"Application for membership and signature card.
"Earl H. Fast or Minnie M. Fast"

The certificate issued the same day pursuant to the foregoing application reads:

"SHAWNEE
"Federal Savings and Loan Association
"Topeka, Kansas

"As joint tenants with a right of survivorship and not as tenants in common.

"THIS CERTIFIES that...............EARL H. FAST or MINNIE M. FAST............... is a member of the Shawnee Federal Savings and Loan Association, and holds a savings share account of said Association, subject to its Charter and By-Laws and to the laws of the United States of America.

"Witness the seal of the undersigned and the signature of a duly authorized officer, this........23........day of........May, 1944.........

"SHAWNEE FEDERAL SAVINGS &
LOAN ASSOCIATION

"By /s/ F. M. WILSON

"(Corporate Seal)                    "Asst. Secretary"

The original deposit slip showing a deposit of $500 on May 23, 1944, was in the name of "Earl H. Fast or Minnie M. Fast." The ledger sheet to which the account was transferred showing all deposits from May 23, 1944, to June 30, 1948, inclusive, and in the total sum of $5,046.93 bears the following heading:

"SAVINGS SHARE ACCOUNT

"NAME........Earl H. Fast or Minnie M Fast....................Account No. 4036............
........Joint Account.....................
........Husband and Wife........"

The first page of the passbook contains the following heading:

"ACCOUNT

"No........4036........MEMBER........Earl H. Fast or.......................    As joint tenants
........Minnie M. Fast.......................    with a right of
ADDRESS........2061 California Ave..............    survivorship and
........Topeka, Kansas.......................    not as tenants in
common."

The second page of the passbook contains the following heading:

"ACCOUNT

"No........4036........MEMBER............Earl H. Fast or Minnie M. Fast..........................."

There was evidence by the loan association's assistant secretary: The statements on the instruments, to wit, ". . . as joint tenants with the right of survivorship and not as tenants in common . . .", were placed there when the account was opened at the direction of the investor, E. H. Fast.

Minnie M. Minglin (alias Mrs. Fast) and E. H. Fast had discussed the survivorship account on many occasions.

That the rule as to joint tenancy and survivorship now applies to personal as well as real property in this state is no longer open to question. (*Bouska v. Bouska*, 159 Kan. 276, 153 P. 2d 923.) In the Bouska case it was held:

"The statute, G. S. 1935, 22-132, merely abolishes joint tenancy and survivorship as a matter of law—that is, in matters of intestate succession the common-law rule of survivorship no longer prevails in this state. The statute does not undertake to forbid joint tenancies and survivorship by negotiation or contract and it does not render unlawful contractural arrangements which confer equivalent legal rights and obligations among the parties concerned.

"The ancient common-law rule favoring joint tenancy has been reversed, and the presumptions are now almost wholly in favor of tenancies in common. In construing a grant to two or more persons, the grant is to be regarded as creating a tenancy in common unless it clearly appears from the instrument a joint tenancy was intended." (Syl. ¶ 1, 2.)

For 1939 redraft of G. S. 1935, 22-132 see Chapter 181, Laws 1939.

In the opinion of the Bouska case see reference to 1 Bartlett's Kansas Probate Law and Practice and a discussion of former decisions of this court. What is said there need not be repeated here. See, also, the recent decision in *Spark v. Brown,* 167 Kan. 159, 205 P. 2d 938, in which pertinent cases were reviewed.

In view of the cases previously mentioned we do not deem it necessary to again review our previous decisions or to note cases from other jurisdictions cited by counsel for the parties. We have not overlooked cases cited by counsel for appellants including *Spark v. Brown,* supra. Analysis of the opinion in that case will disclose facts highly dissimilar to those in the instant case. The fundamental principle, however, is there reaffirmed that in order to create a joint tenancy with the right of survivorship the language employed must make it clear it was the intention to create such an estate.

In the instant case the district court found the contractual relationship between the Shawnee Federal Savings and Loan Association and E. H. Fast or Minnie M. Fast was clearly disclosed and stated:

"I do not see how any more positive language could be used to make clear the intention to create a joint tenancy with right of survivorship."

Appellants remind us the district court tried the case on the transcript made in the probate court and that under such circumstances this court is in as good a position as the district court to draw its own conclusions from the evidence and determine what the facts establish. We have so held. (*In re Estate of Davis,* 168 Kan. 314, 212 P. 2d 343, and cases therein cited.) Our own independent examination and consideration of the record convinces us it clearly appears it was the intention of the investor, E. H. Fast, and of the loan association to create a joint tenancy with the right of survivorship in Minnie M. Minglin. The evidence likewise discloses this to have been the understanding of Minnie M. Minglin (alias Minnie M. Fast).

Appellants argue Minnie M. Minglin did not sign the application for the opening of the account. The application clearly shows it

was intended to be a joint account with right of survivorship. That it was so understood and treated by the loan association is also clearly reflected by other instruments previously mentioned.

We are not called upon in this case to enter into a discussion of matrimonial differences between E. H. Fast and his legal wife, Myrtle M. Fast. Nor are we required to defend his moral conduct in other respects and, of course, are not doing so. The question here is whether the other woman, Minnie M. Minglin, whom Fast likewise deceived, but whom he attempted to protect financially, at least to the extent of the instant account, is entitled to claim it. We think the evidence clearly establishes her right to the account.

The judgment is affirmed.