No. 38,773

Marie Goetz, LaValle Morley, Edna Scott, Irene Aldridge, Kenneth Goetz, H. Hampton and Mrs. Jacob Goetz, also known as Mary Goetz, *Appellants,* v. Fidelis Goetz, Fidelis Goetz as Testamentary Trustee, Bernard Goetz, Mary Goetz, Anna Blackman and E. S. Graham, *Appellees.*

(254 P. 2d 822)

Opinion filed March 7, 1953.

*L. E. Quinlan,* of Lyons, argued the cause and was on the briefs for the appellants Marie Goetz, LaValle Morley, Edna Scott, Irene Aldridge and Kenneth Goetz.

*H. Hampton,* of Russell Springs, was on the brief pro se.

*John C. Woelk, Jr.,* of Russell, argued the cause and was on the briefs for the appellant, Mrs. Jacob Goetz, also known as Mary Goetz.

*Norbert R. Dreiling,* of Hays, argued the cause, and *F. F. Wasinger,* of Hays, was with him on the briefs for the appellees, Fidelis Goetz, Fidelis Goetz, as Testamentary Trustee, Mary Goetz and Bernard Goetz.

The opinion of the court was delivered by

HARVEY, C. J.:   This was an action for a declaratory judgment and consequential relief to construe the will and codicil thereto of Anna Goetz, a resident of Ellis county, who died testate December 5, 1936.   At the time of her death she was survived by eight sons and three daughters.   About a year before her death she had conveyed by warranty deed to her daughter, Mary Goetz, a described 80 acre tract of land in Ellis county and certain lots in the city of Victoria, reserving to herself all mineral, oil and gas rights in and underlying the land.   Her will, dated January 15, 1936, and a codicil thereto, dated June 29, 1936, were duly admitted to probate. The first six sections of her will provided for the payment of her just debts, including her last sickness and funeral expenses, and made specific bequests, not important here.   Section 7 reads:

"I give, devise and bequeath to my seven sons, Anton Goetz, Andrew Goetz, Jacob Goetz, Herman Goetz, Bernard Goetz, Joseph Goetz and Fidelis Goetz, the following described real estate, subject to restrictions as shown in Section Eight (8).

"(a) To my son, Anton Goetz, the West Half of the Northeast Quarter (W ½ NE ¼) of Section Ten (10), Township Fourteen south (14s) Range Seventeen west (17w).

"(b) To my son, Andrew Goetz, the West Half of the Southwest Quarter, (W ½ SW ¼) of Section Three (3), Township Fourteen south (14s).   Range Seventeen West, (17w).

"(c) To my son, Jacob Goetz, the West Half of the Southwest Quarter, (W ½ SW ¼) of Section Two, (2), Township Fourteen south, (14s), Range Seventeen west, (17w).

"(d) To my son, Herrman Goetz, the South Half of the Southeast Quarter, (S ½ SE ¼) of Section Ten (10), Township Fourteen south (14s) Range Seventeen West (17w).

"(e) To my son, Bernard Goetz, The East Half of the Northeast Quarter (E ½ NE ¼) of Section Ten (10), Township Fourteen south (14s) Range Seventeen West (17w).

"(f) To my son, Joseph Goetz, the North Half of the Northeast Quarter, (N ½ NE ¼) of Section Ten (10), Township Fourteen south (14s) Range Seventeen West (17w).

"(g) To my son, Fidelis Goetz, the East Half of the Southeast Quarter (E ½ SE ¼) of Section three (3), Township Fourteen south (14s) Range Seventeen West. (17w).

"All the above described land being situated in the County of Ellis and State of Kansas."

Section 8 of the will, as modified by the codicil probated therewith, reads:

"It is my desire and I hereby direct that all the real property I die possessed of, together with that previously deeded to my daughter Mary Goetz, shall remain intact and the income therefrom, whether it be from crop rents, cash rents, oils, oil royalties, gas or gas royalties, or mineral rights, shall be paid to my executor for the purpose of paying all debts, expenses of administration, land or royalty taxes, and bequests hereinbefore mentioned, thereafter such income from crop or cash rentals is to be divided equally between or among my sons, Anton, Andrew, Jacob, Herman, Bernard, Joseph and Fidelis, and my daughter Mary Goetz. After all debts and expenses of administration and bequests heretofore mentioned have been satisfied, it is my desire that the net income from oil or gas be divided equally among my sons Anton, Andrew, Jacob, Herman, Bernard, Joseph and Fidelis, and my daughters Mary Goetz, Anna Blackman and Clara Weigel, share and share alike, but in the event of the death of my daughters Anna Blackman and Clara Weigel, or either of them, then the respective share of the deceased in the net income of oil or gas shall revert to and be divided among the other children named in Section 8, share and share alike."

Section 9 of the will reads:

"It is my express desire that the conditions set forth in the preceding section shall continue so long as either oil or gas is produced from any of the lands or real estate owned by me at the time of my death, including the real estate previously deeded to my daughter Mary Goetz, said income to be collected by my executor, and distributed as rapidly as is consistent with good business methods."

In subsequent sections of the will the testatrix disposed of any residue of her property and nominated her son Fidelis to be executor. The executor named therein was appointed and duly qualified, and the estate was administered. The executor filed his final account, gave notice as required by statute, and the date of February 6, 1943 was set for the hearing. At that time all the interested parties were present in person or by counsel except Anna Blackman and Magdalena Goetz. No objections were made to the account and it was approved, and it was found:

"That the real estate specifically described in the will should be assigned in separate tracts to the persons hereinafter named (as provided by section 7 of the will) subject to all of the terms, conditions, provisions restrictions and limitations in the last will and testament of Anna Goetz, deceased."

The probate court appointed Fidelis Goetz as testamentary trustee to keep the real property intact and collect the income therefrom, whether it was from crop rent, cash rents, oil, oil royalties, gas or gas royalties, or mineral rights; that he pay all taxes thereon and

costs, including reasonable pay for his services, and that he perform all duties with which he is charged under the will. No objection was made to any of the court's findings and orders and no appeal was taken therefrom. Oil had been developed on the 80 acre tract of land Anna Goetz had conveyed to her daughter, Mary Goetz, reserving the mineral rights. The testamentary trustee took possession of the tracts of land described in section 7 of the will and also of the land which has been previously conveyed to Mary Goetz. He continued to handle all the land as one property, to collect the rents, whether in cash or in crops, and also to collect oil royalties and disburse them from time to time, as provided by section 8 of the will. Also he made annual reports of what he had done and of the income and disbursements, which were filed with the probate court.

Prior to the filing of this action Anton Goetz died intestate, leaving as his sole heir at law his widow, Magdalena Goetz. She was made a party defendant, but filed no pleadings. Andrew Goetz, by a proper instrument, conveyed to H. Hampton his right, title, interest and share in the estate of his mother. Mr. Hampton was made a party defendant and filed his answer in which he adopted the allegations of plaintiffs' petition and sought the same relief. On June 20, 1941, Jacob Goetz conveyed to his wife, Mrs. Jacob Goetz (also known as Mary Goetz) all of his right, title, equity and interest in the estate of his mother. In this case she filed an answer admitting the allegations of plaintiffs' petition and praying for the same relief. Herman Goetz, one of the heirs, devisees and legatees named in the will of his mother, died intestate December 26, 1927, leaving as his sole heirs at law his widow and four children, who are the plaintiffs in this action. On July 22, 1938, Joseph Goetz, one of the heirs, devisees and legatees named in the will, conveyed to Mary Goetz all of his title and interest in and to the estate of Anna Goetz. Clara Weigel, named in section 8 of the will, died prior to the beginning of the action.

This action was filed November 20, 1950. All proper parties were made defendants. In their petition plaintiffs alleged that upon the death of Anna Goetz, and after payment of all bequests, debts, expenses and administration of her estate, the south half of the southeast quarter (S ½ SE ¼) of section ten (10), Township fourteen south (14s), Range seventeen west (17w) of the 6th P. M. in Ellis County, Kansas, except the oil and gas lying in and there-

under, became the property in fee simple of Herman Goetz under the terms of the will (being the property described in section 7 (d) )and upon his death descended to and became the property in fee simple of the heirs at law of Herman Goetz, and that the provision in section 8 of the will, which reads as follows: "Thereafter such income from crops or crop rentals should be divided equally between or among my said sons, Anton, Andrew, Jacob, Herman, Bernard, Joseph and Fidelis, and my daughter Mary Goetz," became null and void and of no force and effect for the reason that such provision violates the rule against perpetuities. It was further alleged that Herman Goetz then became the fee simple owner of an undivided one-tenth of all the oil and gas lying in or under all of the real estate described in section 7 of the will and the 80 acre tract which the testator had previously conveyed to Mary Goetz, and that the other persons named in the latter part of section 8 of the will, as modified by section 2 of the codicil, became the owners of an undivided one-tenth of the oil and gas lying under the real estate.

The prayer was for the construction of the will and codicil and for judgment that plaintiffs be the fee simple owners and to be placed in possession of the land described in section 7 (d) of the will, and for further judgment determining all other real estate and the oil and gas devised by the will, and assign and deliver possession of the same to the persons entitled thereto; that Fidelis Goetz be compelled to make a complete final accounting of his acts as testamentary trustee, pay into court all moneys, and deliver all property now in his possession for distribution to the persons entitled thereto; and that he be discharged and divested of further authority as testamentary trustee and his authority in any other capacity over the income and possession of any of the property except that adjudged to belong to him personally.

Fidelis Goetz, as testamentary trustee, and Fidelis Goetz, Mary Goetz and Bernard Goetz joined in an answer which put in issue the claims of the plaintiffs and raised other points, which need not be specifically noted. The parties joined in a written stipulation of facts, the material portions of which are embodied in the above statement. The case was submitted to the trial court upon the pleadings, the files in the probate court, the stipulation, and upon written briefs and oral argument.

In deciding the case the trial court filed a carefully prepared opinion, pertinent portions of which are worthy of a permanent record in our reports. The court noted that:

"Neither the will nor the proceedings in connection with the administration of the estate are questioned by the plaintiffs. The gist of the action is a construction of the terms, conditions, provisions, restrictions and limitations contained in the will, whether they are valid terms which effect the use and enjoyment of the plaintiffs in the real estate devised to them."

The court disposed of some point raised by the defendants in their answer in a manner that is not now complained of, and continued:

"Coming now to the gist of the action, we note that the will does not dispose of the land unconditionally, but, *subject to restrictions as shown in section eight* (8)."

"These restrictions in section 8 direct that all of the real property, together with the land previously deeded to Mary Goetz, remain intact (complete or entire) and the income from rents, oil, gas and mineral rights therefrom be paid, (1) to the executor for the purpose of paying the debts, expenses of administration, taxes and specific bequests, and then (2) the *crops and cash rentals* to be divided equally among the seven sons to whom the lands were devised in paragraph 7 of the will and Mary Goetz, and (3) The net income from oil and gas was then to be divided equally between said seven sons and Mary Goetz, Anna Blackman and Clara Weigel, with the further condition that in the event of the death of either Anna Blackman or Clara Weigel then the share of the deceased should revert and be divided among the other children named therein, share and share alike.

"Section 9 of the will provides that the foregoing conditions shall continue so long as oil or gas is produced from any of the devised lands or the land deeded to her daughter, Mary, said income to be collected by the executor and distributed in accordance with good business methods.

"It is well to note here that about a year before her death, Anna Goetz conveyed by warranty deed to Mary Goetz the West Half of the Southeast Quarter of Section 3, Township 14, Range 17, Ellis County, Kansas, and certain lots in the city of Victoria, reserving to herself all mineral oil and gas rights in and underlying said premises.

"There seems to be no ambiguity or uncertainty as to the intent of the testatrix. She clearly intended that all of her real estate, including that which she had previously deeded to her daughter, Mary, should remain as a whole and that only the income therefrom should be divided among her children so long as either oil or gas is produced from any of the real estate owned by her at the time of her death, including that previously conveyed to her daughter Mary; and that such income should be collected and distributed by the executor of her estate.

" 'Where there is no ambiguity or uncertainty in the language of a will, there is no necessity for construction, and in that event the will is to be enforced in accordance with its provisions (*Martin vs. Martin*, 93 K. 714, 145 Pac. 565).

Where construction is necessary, the intention of the testator must be gathered from all portions of the instrument, and that intention must prevail if it is consistent with the rules of law. (*Banks vs. Watkins,* 105 K. 104.)'

" '*Johnson vs. Muller,* 149 K. 128, 131.'

"The testatrix intended to and did create an active trust to handle all of the property and to collect and divide the income as in the will provided. (See *Johnson vs. Muller,* supra. 133; *Grossenbacher vs. Spring,* 108 K. 397).

"The plaintiffs and the defendants who join with them in praying for the construction of the will, ask that the court construe the provisions of section 8 of the will which provides, 'Thereafter such income from crop or cash rentals is to be divided equally between or among my sons, Anton, Andrew, Jacob, Herman, Bernard, Joseph and Fidelis and my daughter Mary Goetz,' null and void and of no force or effect for the reason that such provisions violates the rule against perpetuities. While the plaintiffs have submitted a brief in the nature of an argument, they have cited no authority to support their position.

"The rule against perpetuities does not apply under the situation here presented.

"It is said in 48 C. J. 935, 'The general rule obtaining in some jurisdictions, that it is against public policy to postpone one's possession or enjoyment of property in which no one but himself has any interest, has no connection with the rule against perpetuities, which is not concerned with possession or enjoyment.'

" 'The will is valid if its purpose is to vest a title to the fund in the testator's heirs at the time of his death, or at the time of Floyd's death, although the actual possession and enjoyment is to be postponed until the death of Floyd's children, the rule being the same whether the property affected is real or personal. (30 Cyc. 1474, 1481.) *Salisbury vs. Salisbury,* 92 K. 644, 645.

" 'The certainty that a right of property is vested in a definitely ascertained person, not the value of that right nor the time when it may be enjoyed, determines the question whether that right is an asset of which a court may make judicial disposition.' *Markham vs. Waterman,* 105 K. 93, syl. 4.

" 'Profits a pendre, presently commencing, are not within the rule against perpetuities.' 48 C. J. 954.

" 'The rule against perpetuities has no application to such interests over the lands of others, because they are present, and not future, interests. Gray, Perpetuities, sec. 279.)

" '*Council vs. Sanderlin,* 32 A. L. R. 1527, 1531.

" 'If, however, an estate would necessarily vest in such children at or before the death of their father, the rule (against perpetuities) was satisfied, no matter how long the possession and enjoyment of the property might be postponed.' *Kingman vs. Gilbert,* 90 K. 545, 548.'

"Let us again look to the will to determine the intent of the testatrix. Anna Goetz did not intend to devise the oil and gas or surface rentals by anything that was said in section 7 of her will. The disposition of this property was covered by section 8 of her will, and instead of giving these rentals to the several devisees of the lands designated in section 7, she gave them and others named in section 8 the oil and gas, not only in these particular lands, but in other land in

which she owned only the mineral interests. To compensate for this, she disposed of the surface rentals on all of the lands owned by her at the time of her death by giving them to the persons to whom the land was devised in section 7 and to Mary Goetz who was the owner of the surface rights in an 80 acres in which the testatrix owned only the mineral interests.

"To say that the testatrix merely devised the mineral rights and not the cash and crop rentals, would call for a construction contrary to the intent of the testatrix. When she said in section 7 of her will, 'Subject to restrictions as shown in Section Eight (8), she did not intend to include part and not all of such restrictions or conditions. I see no legal distinction between the two bequests. Both are products of the land.

"The devises or bequests in section 8 are vested rights as is the devise of the land in section 7, and are subject to alienation by the respective owners thereof, at least two of the devisees have so construed the will and have exercised their rights to dispose of their interests.

"Bearing in mind that the testatrix did not devise her land to her seven sons unconditionally, but subject to certain restrictions as shown in section eight (8) of her will, these sons did not take an unconditional title to their lands. It is said in 69 C. J. 969, sec. 2162,

" 'It is an obvious and settled equitable principle that there is an implied condition that he who accepts a benefit under a will shall adopt the whole, conforming to all its provisions, and renouncing every right inconsistent with it. The beneficiary accepts the legacy or devise under the condition of conforming to the will, and a court of equity will compel him to perform the condition.'

"See also, 69 C. J. 968, sec. 2160; *Lytle vs. Wade,* 129 K. 671, 676, 677.

"The trust created by the testatrix is the means by which she sought to insure proper distribution of this income. See *Coleman vs. Shoemaker,* 147 K. 689, 695.

"The court will hold that no part of section 8 of the will is void by reason of the rule against perpetuities."

The trial court rendered judgment in harmony with its opinion above set out. The plaintiffs, H. Hampton and Mrs. Jacob Goetz, have appealed.

We might very well adopt the trial court's opinion and affirm its judgment. However, we will discuss briefly some points raised by appellants in this court. Counsel for appellants first contend that the testatrix did not intend to create a trust and that she did not in fact create a valid trust. This is largely a play on words. It is true the testatrix used the term "executor" in outlining what should be done with respect to her property, but duties were imposed upon the executor which normally are imposed upon one who is called a "trustee". We think the probate court was not without authority to name Fidelis Goetz, nominated in the will as executor, and who was appointed and qualified in that position, as a trustee to carry out the terms of the will after the time for the normal closing of the estate.

38

The record clearly shows that the appellants and their predecessors in interest who were named in the will had acquiesced in that appointment and in what was done by the trustee and had received their apportioned share of the income from the property for more than ten years without complaining. They are not now in a position to complain about the person who performed the duties being called a trustee as distinct from an executor. (See, *Lytle v. Wade,* 129 Kan. 671, 284 Pac. 411, and authorities there cited.)

Appellants next contend that the provisions of sections 7, 8 and 9 of the will and the codicil violate the rule against perpetuities, or constitute unlawful restraint upon alienation. We deal with these matters separately. We concur in the view of the trial court that the rule against perpetuities has no application here. Upon the death of the testatrix, Anna Goetz, and the probate of her will, the rights and the beneficiaries named therein, under whom the respective appellants claim, were vested rights. That is true as to the real property set off to them respectively and also true as to their rights respecting the income from the property. To the authorities cited by the trial court on this point we add the following:

In *Camden Safe Deposit, &c., Co. v. Scott,* 121 N. J. Eq. 366, 189 A. 653, the rule is thus stated:

"The rule against perpetuities is directed solely against the unlawful postponement of the vesting of estates, and is not applicable to their possession and enjoyment. Hence, if an estate vests within the prescribed period, the postponement of the time of enjoyment beyond the lives in being and twenty-one years thereafter does not contravene the rule."

This case is also reported in 110 A. L. R. 1442, followed by a note (p. 1450) upon:

"Distinction as regards rule against perpetuities between time of vesting of future estates and time fixed for enjoyment of possession."

The author states:

"As stated in 21 R. C. L. p. 290, title Perpetuities, § 12: 'The rule against perpetuities has reference to the time within which the title vests, and has nothing to do with the postponement of the enjoyment. A vested interest does not necessarily include a right to the possession, and if an interest is vested it is not subject to the rule, however remote may be the time when it may come into possession.' "

This is followed by citations of earlier annotations and by a digest of many cases from various states, including our case of *Salisbury v. Salisbury,* 92 Kan. 644, 141 Pac. 173. Many other cases to the same

effect are cited in West Kansas Digest under "Perpetuities," § 4, and Hatcher's Kansas Digest, "Perpetuities," § 2.

See, also, 70 C. J. S. p. 583, § 7.

The trial court, among the decisions on this point, cited *Klingman v. Gilbert*, 90 Kan. 545, 135 Pac. 682, and *Salisbury v. Salisbury*, 92 Kan. 644, 141 Pac. 173. Counsel for appellants argue that those decisions were improperly decided. We have considered all counsel have said on this point and find ourselves unable to agree with them. We think they are in harmony with the authorities cited by the trial court and with those we have added. The cases have been repeatedly cited with approval in this court and we have no disposition to weaken the rules of law stated in those cases.

Appellants do not seriously argue that the provisions of sections 7, 8 and 9 of the will constitute unlawful restraint upon alienation. None of them was a beneficiary named in the will. Two of them received their interests by conveyances. The others received their interests under our statutes pertaining to intestate succession of property. We recognize that the appellants each has an interest in certain portions of the property disposed of by the will, but none of them has any greater interest than that of the beneficiary named in the will from whom such interest was obtained. It suggested in effect by appellants that it might be more advantageous to them if the testatrix had disposed of the property in some other way than she did. But this property belonged to the testatrix, not to the appellants nor to the persons from whom they acquired their interests in the property. The testatrix is the one who had the right to dispose of her property by will as in her judgment was best. We cannot say as a matter of law that she did not do so.

Counsel for appellants submit two other specific questions for our consideration, but we think they are sufficiently covered by what we have already said.

There is another point which should be noted. The will in this case was filed for probate prior to July 1, 1939, the effective date of our statute pertaining to the Kansas probate code (Ch. 180, Laws 1939, now G. S. 1949, Ch. 59). However, the estate was closed in the probate court after that statute went into effect and in harmony with it. The decree of the probate court, made at the time of the approval of the final account of the executor and assigning to the beneficiaries under the will their respective interests in the real property devised, never was appealed from. The time for doing

so had long passed when this action was brought. We have held such decrees of the probate court became final and binding upon everyone who might have claimed some right or interest different from that assigned to them by such decree. (See, *Bindley v. Mitchell,* 170 Kan. 653, 228 P. 2d 689; *In re Estate of Bump,* 171 Kan. 442, 233 P. 2d 478, and *In re Estate of Bowman,* 172 Kan. 17, 238 P. 2d 486.) These cases support the view that appellants in this action cannot claim different rights or interests in the property than that decreed and assigned to them by the probate court.

We find no error in the record. The judgment of the trial court is affirmed.