No. 39,860

In the Matter of the Estate of Emma L. Swingle, Deceased. EDNA L. SWINGLE, *Appellant*, v. JAMES M. McKIM, Administrator of the Estate of Paul J. Swingle, deceased, et al., *Appellees*.

(289 P. 2d 778)

Opinion filed November 12, 1955.

*George Barrett,* of Pratt, argued the cause, and *Lester L. Morris, Verne M. Laing* and *Ferd E. Evans,* all of Wichita, and *Richard Barrett,* of Pratt, were with him on the briefs for the appellant.

*Steve W. Church* and *John W. Graue,* both of Greensburg, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to construe certain provisions of the last will and testament of Emma L. Swingle, deceased. From a judgment adverse to her contentions plaintiff (petitioner) has appealed.

The testatrix, Emma L. Swingle, a resident of Jackson County, Missouri, died November 8, 1942. Her will was admitted to probate by the probate court of that county and subsequently an authenticated copy of it was duly admitted to probate and record in the probate court of Pratt County, Kansas.

The three paragraphs of the will which are in controversy read as follow:

"VI.

"I devise and bequeath unto my daughter, Edna L. Swingle, the Northwest Quarter of Section 5, Township 27, Range 13, in Pratt County, Kansas, subject, however, to a special provision hereinafter set forth in this will concerning all oil, gas and other minerals upon and under the same.

"VII.

"I devise and bequeath unto the Commerce Trust Company, of Kansas City, Missouri, Trustee for my daughter, Stella K. Swingle, all of the Northwest Quarter of Section 24, Township 27, Range 13, in Pratt County, Kansas, subject, however, to a special provision hereinafter set forth in this will concerning all oil, gas and other minerals upon and under the same; *and, upon the death of said Stella K. Swingle any residue and remainder of said property then held by said trustee I devise and bequeath unto Edna L. Swingle, Paul J. Swingle and Wilbur W. Swingle, or the survivor or survivors of them.* ( Our italics. )

"VIII.

"I hereby devise and bequeath unto Edna L. Swingle and the Commerce Trust Company, Trustee, for Stella K. Swingle, the right and power to execute any and all leases for oil, gas and other minerals in and upon the above described lands, on such terms and conditions as they see fit, and I give and bequeath all rentals and bonuses thereof equally to Edna L. Swingle and said Trustee; provided, however, oil, gas or other minerals are produced on said lands, in that case the income from such production shall be divided as follows: one-half thereof to Edna L. Swingle, one-fourth thereof to the Commerce Trust Company, Trustee for Stella K. Swingle, and one-fourth thereof to Paul J. Swingle."

The testatrix was survived by Stella K. Swingle, a daughter, Edna L. Swingle, a daughter, Paul J. Swingle, a son, Wilbur W. Swingle, a son, and several grandchildren who were the issue of two prior deceased children. For purposes of this case we are not concerned with the grandchildren.

Stella, the beneficiary of the trust created, *supra,* died on January 30, 1952.

Paul died intestate on January 23, 1953, and the administrator of his estate is the appellee herein.

Edna and Wilbur are still living, but the latter is not a party to this appeal.

It appears that two questions were presented to and decided by the trial court.

The first concerns the construction of the italicized portion of paragraph VII of the will, *supra.*

It was and is the contention of Edna (appellant herein) that the provision in question created a joint tenancy with rights of survivorship in Edna, Paul and Wilbur, and that now, following Paul's death, Edna and Wilbur own the land devised in paragraph VII as joint tenants with rights of survivorship.

On the other hand, the administrator of Paul's estate (appellee herein) contended, and the trial court so held, that under and

by virtue of that provision, Edna, Paul and Wilbur, subsequent to the death of Stella, owned the property in question as tenants in common in fee simple, and that following Paul's death, intestate, his heirs-at-law thus own an undivided one-third interest in the property.

In our opinion the trial court correctly construed the provision in question.

G. S. 1949, 58-501, provides:

"Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: . . ."

In *Spark v. Brown*, 167 Kan. 159, 205 P. 2d 938, it was held:

"In order to create a joint tenancy with the right of survivorship language must be used to make clear the intention to create such an estate." (Syl. 1.)

See also *In re Estate of Fast*, 169 Kan. 238, 218 P. 2d 184; 14 Am. Jur., Cotenancy, § 13, p. 85, and 48 C. J. S., Joint Tenancy, § 2, p. 912, § 3, d., p. 917.

It is to be borne in mind that Edna, Paul and Wilbur survived not only the testatrix, they also survived Stella, the owner of the intervening estate. It must be conceded that upon the death of the testatrix, Edna, Paul and Wilbur possessed "rights" in the property devised. And even though it be argued their rights did not become vested upon the death of the testatrix, of a certainty they did upon the death of Stella. Under our statute, *supra*, and other authorities cited, it may not be said that the language "or the survivor or survivors of them" created a joint tenancy with rights of survivorship, and Edna's contentions with respect to the question may not be sustained.

The result is that insofar as paragraph VII of the will is concerned the heirs-at-law of Paul are entitled to an undivided one-third interest in the property in question.

The second proposition presented to the trial court is that paragraph VIII of the will violates the rule against perpetuities.

It is to be noted that the devises contained in paragraphs VI and VII of the will were made subject to the provisions of paragraph VIII with respect to leasing for oil, gas and other minerals. On March 22, 1946, while Stella was still living, Edna, as trustee, executed an oil and gas lease covering the tract devised in paragraph VI for a primary term of ten years. No lease covering the property

devised in paragraph VII was executed during Stella's lifetime. The trial court held, therefore, that the land devised by paragraph VII was not subject to the leasing provisions of paragraph VIII. With respect to the tract devised by paragraph VI the court held that:

". . . in accordance with the last will and testament of Emma L. Swingle, deceased, and upon the death of Stella K. Swingle, the said Edna L. Swingle became the owner, in fee simple, of the Northwest Quarter (NW /4) of Section Five (5) in Township Twenty-seven (27) South, Range Thirteen (13) West of the Sixth Principal Meridian in Pratt County, Kansas, provided and subject, however, that all of the rentals and bonuses paid under the oil and gas lease, above mentioned, shall be divided equally to the said Edna L. Swingle and the trustee for Stella K. Swingle, and all income from production of oil, gas and other minerals under said lease shall be divided as follows: One-half thereof to Edna L. Swingle; one-fourth thereof to the trustee for Stella K. Swingle; and, one-fourth thereof to the estate of Paul J. Swingle, deceased."

In this connection it should be stated that no final settlement of the trust estate has yet been made.

Appellant's contention with respect to the rule against perpetuities is that oil, gas and other minerals may never be produced from the properties in question, and therefore the division of the proceeds therefrom might well be beyond the time limit prescribed by the rule.

In so contending it is clear that appellant fails to distinguish between the vesting of an estate and its possession and enjoyment. The property devised by paragraph VI of the will vested upon the death of the testatrix and no question or doubt then existed under the provisions of paragraph VIII as to the right of designated parties to receive the proceeds from oil, gas and other minerals. For a discussion of the principle involved see *Goetz v. Goetz,* 174 Kan. 30, 38, 254 P. 2d 822.

The judgment of the trial court is in all respects affirmed.