Lena F. PACE, Plaintiff,

v.

The FIRST NATIONAL BANK OF OSA-
WATOMIE, KANSAS, Defendant.

No. KC–2171.

United States District Court
D. Kansas.

July 1, 1965.

See also D.C., 271 F.Supp. 230.

Albert O. Kiesow, Kansas City, Kan., for plaintiff.

Willard L. Phillips (of McAnany, Van Cleave & Phillips), Kansas City, Kan., for defendant.

Willis H. McQueary, Osawatomie, Kan., for intervening defendant.

MEMORANDUM OF DECISION AND
ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

This is an action to recover a sum of money held by the defendant bank, calling in question the ownership of that money.

Presently before the court are two motions: A motion by Betty Jane Hartley, Administratrix of the Estate of Vesta Crayton, to intervene as a party defendant, and the plaintiff's motion for summary judgment on the first count of the complaint.

The plaintiff alleged in her first count that on May 1, 1964, she took to the defendant bank a check payable to Vesta Crayton and a "depositor's contract and signature card" signed by both Vesta Crayton and the plaintiff; that the check was accepted for collection and a deposit slip made out to "Vesta Crayton or Lena F. Pace"; that on May 6, 1964 the money was collected, part of which was placed in a checking account and the remainder in a savings account, each account entitled "Vesta Crayton or Lena F. Pace"; that Vesta Crayton has died; and that the defendant refuses to pay to the plaintiff the sums in the two accounts, because the money is "in [the] probate court." In its answer to the plaintiff's first count, the defendant bank alleges, inter alia, that the money in the two accounts belonged to Vesta Crayton and after her death it belonged to the estate.

Betty Jane Hartley, as administratrix of the estate of Vesta Crayton, has filed a motion for leave to intervene as a party defendant. Attached to the motion is a copy of her proposed answer in which she alleges, inter alia, that the funds in the two accounts belonged solely to Vesta Crayton.

■■■ The defense of the administratrix to the plaintiff's first count is the same as that already advanced by the defendant bank. As a result, her defense raises questions of law and fact in common with the main action, and meets the requirements for permissive intervention set out in Rule 24(b) (2), F.R.Civ.P. I can see no way, and plaintiff has suggested none, in which the requested intervention would unduly delay or prejudice the adjudication of the rights of the original parties. Although the addition of another party may result in some delay, this must be balanced against the advantage of disposing of these two similar contentions in the same litigation. Under the facts involved in this lawsuit, the balance favors intervention.

The plaintiff's motion for summary judgment on count one is based on the theory that the money in question was being held by the defendant bank in joint accounts and that she, as the sole survivor of the joint owners, is now the sole owner of, and entitled to, the money. In support she argues that the transactions among the defendant bank, Vesta Crayton, and herself created a contractual relationship which was not subject to cancellation or rescission, was binding on all involved, and was not contrary to law or public policy. She recognizes that there was no discussion among the parties relating to joint ownership or joint accounts, but cites authority for the proposition that particular ritual or language is not necessary where it can be shown that the sole owner of an account intentionally created an account meeting the requirements of joint ownership with the right of survivorship. See, e. g., Kelly v. Beers, 194 N.Y. 49, 86 N.E. 980, page 5 of plaintiff's memo. Finally, the plaintiff contends that where the owner of money deposits it to the account of one "or" another, a joint account which belongs to the survivor is created. In support she points to many cases holding that because of express language or actions it was clear that a joint account or joint ownership, with the right of survivorship was intended.

The intervening defendant resists the motion for summary judgment on the ground that under Kansas law to create a joint tenancy with the right of survivorship, the intention to do so must be clear, otherwise it will not be held to have been created. In the defendant's view, such intent has not been established with sufficient clarity to meet the requirements of Rule 56.

■■■ A motion for summary judgment may not be granted so long as a genuine issue of material fact remains. Rule 56(c), F.R.Civ.P. Whether or not a joint account with the right of survivorship has been created must be deter-

mined by Kansas law, and according to that law, the intent of the creator is controlling. In Miller v. Higgins, 188 Kan. 736, 366 P.2d 257 (1961), the Supreme Court of Kansas said:

> "Regardless of the theory upon which the joint tenancy is sought to be established it ultimately will be resolved on the clarity with which the intent of the grantor is expressed. The intent of the grantor is basic and is derived clearly from the facts and circumstances of each case." Loc. cit. 740, 366 P.2d loc. cit. 260.

Furthermore, before such an intent will be found, it must be "clearly" shown. In Miller v. Higgins, supra, 188 Kan. at 739, 366 P.2d 257, the court emphasized what it had earlier held in Spark v. Brown, 167 Kan. 159, 205 P.2d 938 (1949):

> "The result is that when one desires to create a joint tenancy with the right of survivorship language must be used to make that intention clear, otherwise it will not be created." Loc. cit. 164, 205 P.2d loc. cit. 942.

■ I have examined the pleadings and depositions on file, and am of the view that there remains a genuine issue of material fact, namely, the intention of Vesta Crayton when she opened the account in the defendant bank. See, Deposition of J. S. Whiteford, pp. 13–14; Deposition of Warren E. Chambers, pp. 39, 47; Deposition of E. B. Spears, pp. 7–9. For this reason, summary disposition of the first count of the complaint is inappropriate at this time.

The authorities pointed to by the plaintiff do not require a different result. Malone v. Sullivan, 136 Kan. 193, 14 P.2d 647, 85 A.L.R. 275 (1932), differs from this case in important particulars just as it differed from Spark v. Brown, supra, 167 Kan. at 163, 205 P.2d 938. The many other authorities on which the plaintiff relies are not contrary to, but consistent with, the result here reached, for they too emphasize the importance of intent. See, e. g., Kelly v. Beers, supra, analyzed at page 5 of the plaintiff's memo; and Corcoran v. Hotaling, 164

App.Div. 75, 148 N.Y.S. 302, at page 11 of plaintiff's memo.

The motion of Betty Jane Hartley to intervene is granted. The motion of the plaintiff for summary judgment on her first count is denied.