# CHARLESTON.

## BANK OF GREENBRIER v. EFFINGHAM.

Submitted January 23, 1902.   Decided March 22, 1902.

1. JOINT TENANTS—*Survivorship—Grantor—Grantee.*
   Two persons unite in a joint deed giving to a third person all
   their personal property "that they may have at the time of their
   death," and reserving the "use and control" thereof "so long
   as they both shall live;" they thereby create a joint tenancy
   survivorship in such personal property, the manifest intention
   of which is that on the death of one, the residue vests in the
   survivor, and such third person is not entitled to any of their
   property until the death of both the grantors.  (p. 268).

Appeal from Circuit Court, Greenbrier County.

Suit by the Bank of Greenbrier against Nancy Effingham and
John E. Kelley.   Decree for Effingham, and Kelley appeals.

*Affirmed.*

WILLIAMS & DICE, for appellant.

GILMER & GILMER, for appellee.

DENT, PRESIDENT:

John E. Kelley is not satisfied with a decree of the circuit
court of Greenbrier County in an interpleader suit instituted by
the Bank of Greenbrier, awarding to Nancy Effingham two hun-
dred and eighty-one dollars and thirty-five cents, deposited in
said bank to the credit of William S. Gilkison, deceased.   He
claims he is entitled to the same by virtue of the following
deed: "This deed, made this 11th day of January, 1900, be-
tween William S. Gilkison and Nancy Effingham, party of the
first part, and John E. Kelley, party of the second part, all of
the county of Greenbrier and State of West Virginia, wit-
nesseth:   That for and in consideration of their maintenance—
that is, to furnish them good comfortable clothing and good
wholesome food so long 'as they both shall live,' to pay their
burial expenses and keep graveyard in repair, the party of the
first part doth grant and convey, with general warranty, to the
party of the second part a certain tract of land lying on the
waters of Sinking Creek in Williamsburg district, Greenbrier

County, West Virginia, containing one hundred and twenty acres, more or less, adjoining the lands of J. M. Skaggs, Alexander Johnson and others and known as the Thos. Parker land; they, the party of the first part, also deed to the party of the second part all their personal property, including money and bonds, that they may have at the time of their death. The party of the first part to have full use and control of all their personal property so long as they both shall live, and the party of the second part to feed and take good care of all the live stocks the party of the first part now have on hands and bring no more stock on the place except one horse and one cow, the party of the second part to have possession of the said one hundred and twenty acres of land, more or less, forever the date of this deed.

Witness the following signatures and seals:

his
WILLIAM X S. GILKISON, [Seal.]
mark.

her
NANCY X EFFINGHAM, [Seal.]"
mark.

Appellant insists that under the provisions of this paper he takes all the property of William S. Gilkison at the date of his death and Nancy Effingham has no interest therein.

This is a joint deed for the maintenance and support of the grantors so long as "they both shall live," that is, so long as either of them shall live. It was never intended that the contract for support should be at an end when one of them should die. And the same may be said as to the disposition of their personal property, as it is provided that the grantee shall only take such personal property as they may have at the time of "their death," meaning necessarily the death of both of them, and to make this matter emphatic they further provide that they are "to have full use and control of all their personal property so long as they both shall live;" that is, during the lives of both of them. This is equivalent to saying that the grantee shall have such personal property as they may leave at the death of the survivor, and that he is not to interfere with the use and control thereof until such event when what may be left at that time is to be his, thus making it a testamentary devise on the happening of the deaths of both of the grantors. *Louck* v. *Logan,* 45 W. Va. 251 (31 S. E. 986). Whether they owned their personal property in severalty or not prior thereto, by their

deed they mutually converted it into a holding in common or joint tenancy for the mutual use and benefit of both so long as either of them should live. The common law rule of joint tenancy has been changed by section 18, chapter 71, Code, but it is expressly provided in section 19 that such change should not apply "when it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying should then belong to the" survivor. Had the grantors intended otherwise, it was easy to have so provided. The instrument speaks so plainly when it says "The party of the first part (being both the grantors) to have full use and control of all their personal property so long as they both shall live," it is hard to see how it is possible to claim it is so ambiguous as to justify extraneous evidence in explanation thereof. The language used admits and creates a joint tenancy pure and simple not only at common law, but under the provisions of the statute referred to above. The check given by William S. Gilkison to Nancy Effingham prior to his death was merely in furtherance of this arrangement. The circuit court therefore committed no error in not continuing the case to permit appellant to introduce evidence in explanation of the deed, as it explains itself. *Knowlton* v. *Campbell,* 48 W. Va. 294 (37 S. E. 581) ; *Buena Vista Co.* v. *Billinger,* 48 W. Va. 382, (37 S. E. 583). There being no error in the decree it is affirmed.

*Affirmed.*