[No. 21904. Department Two. November 12, 1929.]

ROBERT SIDNEY DALY *et al., Appellants,* v. PACIFIC SAVINGS & LOAN ASSOCIATION *et al., Respondents.*[1]

*Furber & Furber,* for appellants.
*Henderson, Carnahan & Thompson,* for respondent.

[1]Reported in 282 Pac. 60.

MAIN, J.—This action was brought to recover the amount of a savings account which the defendant refused to pay over to the plaintiffs. The answer contained certain admissions and denials, and pleaded an affirmative defense. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that no recovery could be had. Judgment was entered dismissing the action, from which the plaintiffs appeal.

The facts, as found by the trial court, may be summarized as follows: The respondent was a savings and loan association, duly organized under the laws of this state, with its principal place of business in the city of Tacoma. June 10, 1923, one John Daly, the father of the appellant Robert Sidney Daly, opened a savings account with the respondent which was designated as account number 06829. The money with which the account was opened belonged to John Daly. November 3, 1925, John Daly caused the name of the appellant Robert Sidney Daly to be placed on a signature card in connection with the account. Thereafter the account was carried on the books in the name of John Daly and Robert Sidney Daly, the former's name alone appearing upon the pass book. Thereafter John Daly, from time to time, deposited money in the account.

Robert Sidney Daly at no time made any deposit therein. There were no withdrawals from the account by either John Daly or Robert Sidney Daly from the time the account was opened until the death of John Daly, which occurred January 3, 1928. At that time the account had a balance therein, including accrued interest, of $740.63. At the time the name of the appellant Robert Sidney Daly was placed upon the signature card, John Daly stated that, when he died, the balance in the account would belong to his son,

Robert Sidney Daly. John Daly at no time made or attempted to make a gift of the moneys in the account, or any portion thereof, which would pass from himself the dominion and control thereof. When John Daly died, he left, surviving him, Margaret Daly, his widow, and Robert Sidney Daly, his son, as his only surviving heirs.

January 5, 1928, two days after the death of John Daly, the appellants appeared at the respondent's place of business, and Robert Sidney Daly made an affidavit which recited that the pass book which had originally been issued to John Daly had been lost. Thereupon another pass book, which was stamped "duplicate" and carried the same number as the original account, was issued in the name of Robert Sidney Daly and Ellen A. Daly, the appellants. January 10, 1928, Margaret Daly, the widow, as administratrix of the estate of John Daly, presented the original pass book theretofore issued to John Daly to the respondent, together with a certified copy of her letters of administration, and the balance remaining in the account at the time of the death of John Daly was paid to her as such administratrix. This was the sum of $740.63.

After reading the statement of facts and considering the exhibits in this case, we are of the opinion that the trial court correctly found the facts.

The first question is, What interest did Robert Sidney Daly have in the account during the lifetime of his father and at the time of his death? Prior to his father's death, by reason of the fact that his signature appeared upon the card, the son had a right to draw upon the account, which right he did not exercise. If Robert Sidney Daly acquired any interest in the account, the moneys therein having been deposited by his father, it was by reason of a gift. To

constitute a gift, it was necessary that Robert Sidney Daly should acquire dominion and control over the account, or a part of it, other than merely the right to draw checks thereon. In order to constitute a gift, it is elementary that delivery, either actual or constructive, is essential. *Jackson v. Lamar,* 67 Wash. 385, 121 Pac. 857. The fact that Robert Sidney Daly had a right to draw upon the account did not pass title to him thereto from his father, who supplied the funds upon which the son had a joint right to draw. In *Meyers v. Albert,* 76 Wash. 218, 135 Pac. 1003, it is said:

"Where an account in a bank is opened in the name of two persons, the money being supplied by one, but each having the equal right to draw upon it, the title to the account does not pass from the one supplying the funds to the one to whom the right to draw is jointly extended." (Citing authorities.)

The cases of *In re Slocum's Estate,* 83 Wash. 158, 145 Pac. 204, and *Wolfe v. Hoefke,* 124 Wash. 495, 214 Pac. 1047, are to the same effect as the two cases already cited. The case of *Kennedy v. Kennedy,* 169 Cal. 287, 146 Pac. 647, is based upon different facts. There the parties in whose names the account was carried had signed an agreement that the moneys deposited therein should as to each of them, be "joint as to time, title and possession . . ." There is nothing of that kind in the present case.

It would serve no useful purpose to review in detail the authorities cited by the appellants upon this question, because, as we view the facts, the previous holdings of this court cover the question and are decisive.

[2] The next question is whether the respondent was estopped from denying that the appellants were entitled to the money in the account. On the second page of the pass book, under the heading "Rules and Regulations," among other things, appears this:

"Shares issued to or in the name of two or more persons, whether husband or wife, or otherwise, are withdrawable by any one of such persons, and the receipt or acquittance of any one of such persons shall constitute full release to the association for such withdrawal, regardless of the death or disability of any other such joint shareholder."

That regulation is substantially the same as is contained in Rem. Comp. Stat., § 3721. Nowhere does the regulation or the statute have the effect of making money deposited by one person, but upon which he and another have a right to draw, the joint property of the two. The regulation and the statute have for their obvious purpose the protection of the association in the event that one of the parties, after the death or the disability of the other, shall draw out the account.

The last question, and the first argued in the appellants' brief and the one upon which they principally rely, is that, when the duplicate pass book was issued, a new contract was made with the association by which it obligated itself to pay to the appellants the balance in the account as indicated by that pass book. In this connection, the rule that, where a check is presented by the payee to a bank on which it is drawn and received as a deposit and credited to his account, this amounts, in the absence of fraud, to the payment of the check, is relied upon. That rule, however, is not applicable to the facts in this case. Here the duplicate pass book was issued to the appellants because one of them had made an affidavit that the original pass book had been lost. The number in the duplicate pass book was the same as the number in the original book. It was a continuation of the old account in the name of the appellants. The situation is not the same as it would have been had the appellants actually drawn out the money in the account upon a check signed by Robert Sidney Daly and redeposited it in a new ac-

254

count, in their own names, carrying a new number. Had this been done, a different situation would be presented, upon which we express no opinion.

When John Daly died, the money in the account passed to his estate. Robert Sidney Daly had no interest in it except as an heir. Even though, by issuing the duplicate pass book, the respondent contracted with the appellants to pay the account to them, it is difficult to see what consideration there was for this contract. Without a consideration, the contract, if there were one, could not be enforced against the association.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, and FRENCH, JJ., concur.