[No. 26590. Department One. January 10, 1938.]

LEWIS A. NELSON, *Respondent*, v. OLYMPIA FEDERAL
SAVINGS AND LOAN ASSOCIATION, *Defendant*, THE
STATE OF WASHINGTON, *by William H.
Pemberton, Supervisor of the State
Inheritance Tax and Escheat
Division, Appellant.*[1]

*William H. Pemberton* and *Charles Snyder*, for appellant.

*Julia Waldrip Ker* and *Harold P. Troy*, for respondent.

[1]Reported in 74 P. (2d) 1019.

SIMPSON, J.—This action was instituted by plaintiff against the defendant Olympia Federal Savings and Loan Association for the purpose of quieting title to an account consisting of certain shares in the association.

Plaintiff alleged that, on the 16th day of July, 1934, he and C. Larson established a joint account with defendant under the name of "C. Larson or Lewis A. Nelson," the same being a joint savings and loan account; that thereafter, on the 23rd day of October, 1934, C. Larson died; and that, by reason thereof, the joint account became the sole and separate property of plaintiff.

Defendant answered, admitting the existence of the account, which, on August 13, 1934, showed that C. Larson was the owner of sixty-two shares in the association of the par value of one hundred dollars each, and that thereafter, at the request of C. Larson, the name of Lewis A. Nelson was added to the account.

Claud Havens, as administrator of the estate of C. Larson, and the supervisor of the inheritance tax and escheat division of the state of Washington intervened. Intervener Claud Havens answered, setting up the defense that the title to the property was in the estate of C. Larson. The state, in its answer, alleged that the property was owned solely and entirely by C. Larson at the time of his death, that the transfer to plaintiff was made in contemplation of death, and that the transfer was subject to an inheritance tax due the state of Washington.

After a hearing on the merits by the court, judgment was entered in favor of plaintiff to the effect that he was the owner of the stock in question, and that no inheritance tax was due the state of Washington. This appeal by the state followed.

The facts as shown by the evidence, briefly stated, are as follows: On May 23, 1924, C. Larson opened the account in question in the sum of two thousand dollars. That account was carried in his name, deposits were made, and interest added until August 13, 1934, when the account was changed to "C. Larson or Lewis A. Nelson." The written instrument signed by C. Larson directing the change contained the following language:

"It is understood and agreed that this is now a joint account, withdrawable by either party, regardless of death or disability of the other party."

After the change was made, Mr. Larson withdrew one hundred dollars and respondent a like amount.

The first question is whether or not respondent and C. Larson were joint tenants.

Rem. Rev. Stat. (Sup.), § 3717-41 [P. C. §4564-61], Laws of 1933, chapter 183, § 41, p. 729, relates to savings and loan associations and provides:

"Two or more persons may jointly become members in an association and such persons shall enjoy the same rights as though the shares had been issued to an individual member and unless express written instructions to the contrary are given to the association relative to such account, and written receipt thereof acknowledged by such association, any of such persons may exercise the rights of ownership, transfer and withdrawal incidental to such ownership without the other joint holders joining therein, and in the event of death, the survivor or survivors may exercise all rights incidental to such stock: . . ."

It is true that the above section does not use the words "joint tenancy," but its declaration of the rights of ownership and survivorship and control of the property are definite and certain in creating such a relationship.

In *In re Peterson's Estate,* 182 Wash. 29, 45 P. (2d) 45, this court recognized that Rem. Rev. Stat., § 3348 [P. C. § 373] (Laws of 1929, chapter 123, § 2 (3), p. 280), provided for joint tenants. We held that the property belonged absolutely to the survivor upon the death of the joint tenant. That decision interpreted the statute relating to mutual savings banks, it is true, but the interpretation of the right of joint tenants, in so far as ownership in the property is concerned, applies with equal force to the rights of joint tenants named in § 3717-41.

The state cites Rem. Rev. Stat., § 1344 [P. C. § 3426], which abolishes survivorships in Washington.

In construing Rem. Rev. Stat., § 3346 [P. C. § 371], relating to mutual savings banks, this court said:

"It will be noticed that this section brought back into the law of this state, in so far as concerns a particular species of property, the doctrine of survivorship as an element of joint tenancies, which doctrine had been abrogated in 1885 by an act entitled 'An Act to Abolish the Right of Survivorship in Estates held under Joint Tenancy.' Rem. Comp. Stat., § 1344." *Winner v. Carroll,* 169 Wash. 208, 13 P. (2d) 450.

What we said in the above case applies with equal force to the one we have under consideration, which is controlled by a statute making provision for a joint ownership in property that amounts, in effect, to a joint tenancy.

Appellant calls our attention to the case of *Daly v. Pacific Sav. & Loan Ass'n,* 154 Wash. 249, 282 Pac. 60, where we said:

" 'Where an account in a bank is opened in the name of two persons, the money being supplied by one, but each having the equal right to draw upon it, the title to the account does not pass from the one supplying the funds to the one to whom the right to draw is jointly extended.' "

That case is not in point here, for the reason that it was decided prior to the passage of the statute we have under consideration, Rem. Rev. Stat. (Sup.), § 3717-41.

We conclude that the change of the deposit from C. Larson to "C. Larson or Lewis A. Nelson," as evidenced by the written instrument of August 13, 1934, created a joint tenancy in C. Larson and the respondent, and that, upon the death of C. Larson, the respondent became the sole owner of such deposit.

It now becomes material to ascertain if an inheritance tax should be collected on the account.

The statute setting forth property subject to an inheritance tax provides, *inter alia:*

". . . whenever property real or personal, other than real property held by the entirety, is held in the joint names of two or more persons, or deposited in banks or other institutions or depositories in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving joint tenants, person or persons to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this act in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint tenant or joint depositor and had been devised or bequeathed to the surviving joint tenant or tenants, person or persons, by such deceased joint tenant or joint depositor by will, expecting [excepting] therefrom such parts thereof as may be shown to have originally belonged to such surviving joint tenant, joint depositor or person, and never to have been acquired from the decedent for less than a fair consideration in money or money's worth, and if said property shall have been acquired from decedent for less than such fair consideration, there shall be excepted from the value of said property a portion equal to the amount of the consideration so furnished.

"The inheritance tax shall be and remain a lien on

such estate from the death of the decedent until paid: . . ." Rem. Rev. Stat. (Sup.), § 11201, Laws of 1937, chapter 106, § 1, p. 420.

The portion of the statute just quoted is, in effect, the same as contained in Laws of 1935, chapter 180, § 104, p. 768.

In the case of *Tyler v. United States,* 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, the supreme court of the United States held a statute valid which imposed a tax upon the whole of the property included in a joint tenancy upon the death of one of the joint tenants.

In *In re Peterson's Estate, supra,* we said:

"Where there is a joint tenancy, each of the tenants has an undivided moiety of the whole, and not the whole of an undivided moiety. While the joint tenancy continues, each of the two tenants has a complete interest in the whole, and on the death of one the whole interest in the whole remains in the survivor. . . .

"Where the inheritance statutes, as did the act of Congress which was considered in the case of *Tyler v. United States,* 281 U. S. 497, 50 S. Ct. 356, 69 A. L. R. 758, expressly provide that joint tenancies or tenancies by entirety shall come under the act, the question is different. . . .

"Since the wife in this case took nothing that she did not already have, by reason of the death of her husband, the joint account in the mutual savings bank was not subject to the inheritance tax law of this state."

The rule announced in the above case to the effect that property going to a surviving joint tenant is not subject to an inheritance tax, has been abrogated by the statute specifically providing for the taxing of property going to surviving joint tenants.

Hence, the law laid down in *Tyler v. United States, supra,* is now applicable to the case at bar.

This is a pending estate (Rem. Rev. Stat. (Sup.), § 11211e [P. C. § 7030-184], Laws of 1935, chapter 180, § 124, p. 791) and therefore the rates set forth in chapter 180, Laws of 1935, are applicable to the property in question now belonging to respondent.

Appellant contends that the transfer was a gift made in contemplation of death. It is unnecessary to consider that question, in view of the holding we have just made.

We conclude that the judgment of the trial court was proper in so far as the disposition of the title to the joint account was concerned, but that provision should have been made for the payment to the state of the inheritance tax due.

The judgment is accordingly modified in the respect indicated and the case remanded for proceedings consistent with this opinion.

STEINERT, C. J., HOLCOMB, MAIN, and GERAGHTY, JJ., concur.