CECIL G. DELONG, *et al.*

*v.*

THE FARMERS BUILDING AND LOAN ASSOCIATION,

A CORPORATION, *et al.*

(No. 12286)

Submitted May 26, 1964.          Decided June 23, 1964.

*Eugene T. Hague,* for appellants.

*Malcomb B. Louden, George W. Hill, Jr.,* for appellees.

HAYMOND, PRESIDENT:

This is an action instituted in the Circuit Court of Jackson County in December 1960 and subsequently transferred to the Circuit Court of Mason County, in which the plaintiffs, Cecil G. DeLong, Cyril DeLong, Charles L. DeLong and Paul Gale DeLong, seek a declaratory judgment to determine the ownership of an installment share account in The Farmers Building and Loan Association, Ravenswood, West Virginia, which account in form is payable to George DeLong or Clara DeLong, who were husband and wife. The plaintiffs are sons of George G. DeLong and the defendants are The Farmers Building and Loan Association, the depository of the account, Clara Harman DeLong, widow of George Gale DeLong who died intestate on April 11, 1960, George Robert DeLong, a son of George Gale DeLong, and E. W. Burdette and Charles Baker, Administrators of the estate of George Gale DeLong, deceased. The relief for which the plaintiffs pray in their complaint is that the court direct the defendant, The Farmers Building and Loan Association, to deliver the amount of the account and its accruals to the defendants, E. W. Burdette and Charles Baker, Administrators of the estate of George Gale DeLong, deceased, or to the defendant, Clara Harman DeLong, as the ownership of the account between the estate of George Gale DeLong and Clara Harman DeLong, may be determined by the court.

By final judgment rendered February 1, 1963, the Circuit Court of Mason County found that 20.4% of the entire account in question amounting to $8,763.59 and its accruals, was owned by the defendant, Clara Harman

DeLong, and that the remaining 79.6% of the entire account amounting to $8,763.59 and its accruals, is a part of the estate of George Gale DeLong, deceased, and ordered the defendant, The Farmers Building and Loan Association, to set aside and deliver the portion of the account belonging to the estate of George Gale DeLong, deceased, to the personal representatives of the estate for distribution according to law and ordered the defendants, E. W. Burdette and Charles Baker, Administrators, to take charge of the amount owned by the estate and distribute such amount in the manner provided by law.

From that judgment this Court granted this appeal upon the petition of the defendants, The Farmers Building and Loan Association and Clara Harman DeLong.

The defendants assign as error the action of the circuit court in holding that the parties to the account owned and held it as tenants in common and in denying the contention of the defendants that the form of the account created a joint tenancy with the right of survivorship and that upon the death of the husband, George Gale DeLong, the entire account became the sole property of his widow, the defendant, Clara Harman DeLong, as the survivor.

The material facts are not disputed and the controlling question presented for decision is a question of law.

The account was entered in the defendant, The Farmers Building and Loan Association, on September 10, 1955, and in form is payable to George DeLong or Clara DeLong. The amount of the first deposit of $1,000.00 was made by Clara DeLong when the account was opened. On September 11, 1957, she deposited an additional $800.00, and on January 12, 1959, George DeLong deposited $7,000.00 in the account. The principal of the account consisted of these three deposits. There were withdrawals by Clara DeLong on February 8, 1958, of $120.00 and on March 29, 1958, of $658.52. The balance of the account on January 13, 1961, was $8,763.59 and with its dividend accruals the amount of the account on June 30, 1962, was $9,299.99.

The decision of the question of the ownership of the account is governed by the provisions of paragraph (c) of Section 8, Article 6, Chapter 31, Code, 1931, as amended, which is in this language: "Any building and loan or federal savings and loan association may issue shares, share accounts or accounts in the names of two or more persons payable to either, or payable to the survivor, in which event either of said named persons shall have power to act in all matters related to such shares, share accounts or accounts, including the right to collect dividends and to withdraw from such association, whether the other person or persons named in such shares, share accounts or accounts be living or not. The receipt or acquittance signed by any such person, to whom any payment or delivery of rights is made, shall be a valid and sufficient release and discharge of any such association for the payment or delivery so made."

There is no evidence to show that there was any agreement between the DeLongs which created a joint tenancy in the account, or which indicated that the husband gave or intended to give his share or portion of the account to his wife, or that she acquired any interest in or title to his share or portion by virtue of any trust created by or existing between them. It is therefore clear that if the husband and the wife were the owners of the account as joint tenants their estate as joint tenants was created by virtue of the provisions of paragraph (c), Section 8, Article 6, Chapter 31, Code, 1931, as amended. This is the contention of the defendants, The Farmers Building and Loan Association and Clara Harman DeLong.

By Section 19, Article 1, Chapter 36, Code, 1931, the substance of which has been the law of this State since its formation, the common law rule of joint tenancy has been changed and the right of survivorship in such joint tenancy has been abrogated, except to the extent provided in Section 20, Article 1, Chapter 36, Code, 1931, which has also been in effect since the formation of the State, and which expressly states that Section 19 shall not apply to any estate which joint tenants have as

executors or trustees, or to an estate conveyed or devised to persons in their own right, when it manifestly appears from the tenor of the instrument that it was intended that the part of the one dying should then belong to the others who survive. See *Wisner* v. *Wisner,* 82 W. Va. 9, 95 S. E. 802; *Bank of Greenbrier* v. *Effingham,* 51 W. Va. 267, 41 S. E. 143.

This Court has held that by statute originally enacted in 1919, Section 23, Article 8, Chapter 31, Code, 1931, joint tenancy together with the element of survivorship as it existed at common law was restored as to joint deposits made by two or more persons in a bank but only as to such bank deposits. *Lett* v. *Twentieth Street Bank,* 138 W. Va. 759, 77 S. E. 2d 813.

In the *Lett* case it appeared that Wilson made two deposits in a savings account in a bank in the names of Boyd or Delania Wilson, who were husband and wife. Subsequently he added the name of Prudence Lett, his sister, and the form of the account was changed to Boyd or Delania Wilson or Prudence Lett. After the death of Boyd Wilson and Delania Wilson, Prudence Lett instituted suit to collect the amount of the account and this Court held that she was entitled to the account under the provisions of the foregoing banking statute as the survivor of the three joint tenants of the account. That case, being based upon a materially different statute, is clearly distinguishable from the case at bar, though in each instance the form of the account, being in the disjunctive, is identical.

In *Wisner* v. *Wisner,* 82 W. Va. 9, 95 S. E. 802, decided in 1918 and before the enactment of Section 23, Article 8, Chapter 31, Code, 1931, this Court held that a joint estate was created in money deposited by a husband and wife in a joint account in a savings bank by virtue of a stipulation in the passbook that the amount deposited by them as joint owners was to be payable to the order of either or the survivor and that by so doing they created by contract a joint estate in the money so deposited, subject to the right of survivorship, and that such contract was unaffected by certain existing statutes relating to gifts inter

vivos, joint tenancy, and survivorship, and that the survivor was entitled to the fund which remained in the joint account. In that case, however, the Court made it clear that the joint tenancy with the right of survivorship in the deposit considered in that case was created by the contract according to which the deposit was made. In the opinion the Court said: "But it is well settled that the parties may by such a joint deposit or by deed or other contract create a joint estate therein, with right of survivorship, notwithstanding right of survivorship at common law has been abrogated by statute. In such case the right of survivorship is created by contract and not as one pertaining to joint tenancy as at the common law; and that such contract may be evidenced by a joint deposit upon terms and conditions as we have under consideration in the case at bar."

The provisions of the statute considered and applied in the *Lett* case, Section 23, Article 8, Chapter 31, Code, 1931, relate by its terms to any banking institution and include national banking associations but do not apply to building and loan or federal savings and loan associations which, as to the question here involved, are subject to the provisions of paragraph (c), Section 8, Article 6, Chapter 31, Code, 1931, as amended. The pertinent portion of the statute considered by this Court in the *Lett* case, which may appropriately be designated as the banking statute, is set forth in these terms: "When a deposit is made by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them, *such deposit, and any additions thereto made, by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants;* and the same, together with all interest thereon, shall be held for the exclusive use of the person so named, and may be paid to either during the lifetime of both, or to the survivor after the death of one of them; and such payment and the receipt or the acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge for all payments made on account of such deposit, prior to the receipt by the banking institution of notice

in writing, signed by any one of such *joint tenants,* not to pay such deposit in accordance with the terms thereof." (Emphasis supplied).

The defendants, The Farmers Building and Loan Association and Clara Harman DeLong, insist that the banking statute considered by this Court in the *Lett* case and the decision in that case apply to and control the decision in the case at bar; that under the *Lett* case and by virtue of the provisions of the statute relating to building and loan and federal savings and loan associations the account listed in the names of George DeLong or Clara DeLong without more constituted a joint tenancy with the right of survivorship; and that the defendant, Clara Harman DeLong, is entitled to the remaining balance of the account and its accruals. This contention is not well founded as will appear from a comparison of the two statutes.

Though one of the purposes of the banking statute was to protect banking institutions, it also established property rights in all the depositors named in a savings account. It expressly provides that when a deposit is made by any person in the name of the depositor and another person which in form is payable to either or the survivor of them, and the additions to such deposit, *shall become the property of such persons as joint tenants,* and together with interest shall be held for the exclusive use of the persons so named, and may be paid to either during the lifetime of both, or to the survivor after the death of one of them. That statute further provides that such payment and the receipt or the acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge for all payments made on account of such deposit prior to the receipt by the banking institution of notice in writing, signed by any one of such *joint tenants,* not to pay such deposit in accordance with its terms. By reason of the provision that such deposit shall become the property of the persons making it as joint tenants this Court properly held in the *Lett* case that the statute operated to create a joint tenancy in the money in the bank in the names of either of two or more persons and that a joint tenancy having been restored as

to bank deposits the element of survivorship as it existed at common law was likewise restored as to such deposits but as to such deposits only.

The statute here under consideration, relating to building and loan and federal savings and loan associations, provides that either of two or more persons to whom shares, share accounts or accounts, issued by such association payable to either or to the survivor shall have power to act in all matters relating to such shares, share accounts or accounts, including the right to collect dividends and to withdraw from such association whether the other person or persons named in such shares, share accounts or accounts be living or not, but it contains no provision whatsoever respecting joint tenancy or survivorship and no provision which establishes any property rights of the persons named in such account as between themselves. After authorizing withdrawals, as indicated, the statute further provides that the receipt or acquittance signed by any such person to whom any payment or delivery of rights is made shall be a valid and sufficient release and discharge of any such association for the payment or delivery so made.

It is evident from the foregoing provision that the building and loan association statute, unlike the banking statute, was enacted primarily for the purpose of protecting such associations with respect to any payment made by them upon any such accounts. The provision that the persons or either of them to whom shares, share accounts or accounts are issued shall have power to act in all matters relating to such shares, share accounts or accounts, including the right to collect dividends and to withdraw from such association, does not create any property right in any such persons in such accounts. See 41 Am. Jur., Powers, Section 2; 14 Michie's Jurisprudence, Powers, Section 2; 72 C.J.S., Powers, Section 31; Black's Law Dictionary, Fourth Edition, page 1334. It merely authorizes any such person to act as representative or agent in connection with the management of such accounts and, like any representative or agent, such person in so acting is accountable to the owner or the owners of

such accounts. In *Smith* v. *Smith,* 255 N. C. 152, 120 S. E. 2d 575, in which it appeared that there was a bank account in the names of Charles H. Smith or Cassie Smith and a savings and loan association account in the names of Charles H. Smith or Mrs. Cassie Smith, who were husband and wife, the court said that when a husband deposits his money in that manner he merely constitutes the wife his agent with authority to withdraw funds from the account; that such agency is terminated by the death of the husband; and that the husband was the owner and entitled to the possession of the deposits. In 41 Am. Jur., Powers, Section 2, the text contains these statements: "A general power of disposition existing as a power does not imply ownership; in fact, the existence of such a power, as a technical power, excludes the idea of an absolute fee simple in the person who possesses the power, * * *. A power to convey land creates in the donee thereof no right, title, or interest in the property to be conveyed." In the text in 72 C.J.S., Powers, Section 31, is this language: " * * * a power does not of itself imply ownership, but, on the contrary, excludes the idea of any absolute interest or fee simple in the person possessing the power; nor does a power of itself give the donee or grantee any interest or estate in the property." In Black's Law Dictionary, Fourth Edition, at page 1334, the author, defining a naked power as a mere authority to act, says that such a power is "not accompanied by any interest of the donee in the subject-matter of the power."

It is well established generally that as a result of legislation abrogating the common law doctrine of survivorship as an element of joint tenancy, the common law rule favoring joint tenancy has been superseded and it is now presumed that the tenancy in question is a tenancy in common instead of a joint tenancy unless a contrary intention to create a joint tenancy sufficiently appears. 14 Am. Jur., Cotenancy, Section 13, contains the statement that, as a result of the statutes which modify or abolish survivorship as an element of joint tenancy, "the ancient common-law rule favoring joint tenancies has been reversed, and the presumptions are now almost wholly in

favor of tenancies in common. This means, of course, that in construing a grant to two or more persons, the courts will regard it as creating a tenancy in common, unless a contrary intent, sufficient to negative the presumption arising from the statute, plainly appears in the instrument itself. If such an intention appears, however, the courts are bound to give it effect; they have no right to deprive the parties of their right to convey property in such manner as they may desire under the law." In 48 C.J.S., Joint Tenancy, Section 3 (d), the text states that under the modern practice and statutory rules "the common-law presumption that it was the intention of the parties to the transfer of an estate to two or more persons to create a joint tenancy is replaced by the contrary presumption that the parties intended to create a tenancy in common rather than a joint tenancy. Accordingly, where the instrument is silent or ambiguous as to the nature of the joint estate created, it will be construed as creating a tenancy in common and not a joint tenancy. A construction of an instrument as creating a joint tenancy is to be avoided, but the presumption against a joint tenancy is rebuttable. In order that a joint tenancy may be created, there must be specific language manifesting such intent; but the particular phraseology employed in the instrument creating the estate is immaterial where it plainly appears from the terms of the instrument in its entirety that the intention was to create an estate in joint tenancy." See *In re Fast's Estate,* 169 Kan. 238, 218 P. 2d 184; *Spark* v. *Brown,* 167 Kan. 159, 205 P. 2d 938; *Coffin* v. *Short,* 82 R. I. 132, 106 A. 2d 262, 46 A.L.R. 2d 519; *In re Ivers' Estate,* 4 Wash. 2d 477, 104 P. 2d 467.

Under the provisions of Section 19, Article 1, Chapter 36, Code, 1931, which, except in certain instances specified in Section 20, abrogates the element of survivorship in a joint tenancy in real and personal property, a tenancy in such property is presumed to be a tenancy in common unless it appears from the contract or the applicable statute that a joint tenancy is intended. Consequently in this jurisdiction a joint tenancy with the element of survivorship, which has been abrogated by statute, can not be

created by mere inference but must arise, if at all, from an applicable statute such as the banking statute considered in the *Lett* case or from a contract which indicates clearly an intention of the parties to create a joint tenancy, see *Wisner* v. *Wisner,* 82 W. Va. 9, 95 S. E. 802; *Bank of Greenbrier* v. *Effingham,* 51 W. Va. 267, 41 S. E. 143; and the language of the building and loan association statute here under consideration, which is clear and unambiguous, does not satisfy the foregoing requirement for the creation of a joint tenancy in the persons to whom such association issues shares, share accounts or accounts.

There are different statutes in many jurisdictions relating to deposits or accounts by two or more persons in financial institutions, including banks and building and loan associations, and there is some conflict and confusion in the decisions in those jurisdictions as to whether statutory provisions, protecting such institutions in making payment to either or the survivor of persons having such deposits or such accounts in such institutions, affect the rights of such persons as between themselves. In 48 C.J.S., Joint Tenancy, Section 3C (3), the text contains this language: "The agreement between the bank and the joint depositors is dual in character; it provides for the relationship between the bank and the depositors, and it may also determine the respective interests and estates of the joint depositors in the account. Under statutes existing in many jurisdictions, the bank is discharged if it makes payment to any of the joint owners of the account, whether or not the others are alive. It has been held that such statutes are purely for the protection of the bank and do not affect the rights of the joint depositors as between themselves, and a like interpretation has been given to deposit provisions to the same effect. On the other hand, it has been held that while such statutes are for the protection of the bank, they also determine the rights of the depositors unless the terms of the deposit otherwise provide, and the same has been held as to deposit provisions."

In a number of states various statutes relating to banks and building and loan associations affect or establish, by

apt language or court decisions, the property rights of the persons in whose names the deposit or the account is listed, as does the statute considered by this Court in the *Lett* case. Among the decisions dealing with such statutes are *Ferrell* v. *Holland*, 205 Ark. 523, 169 S. W. 2d 643; *Graves* v. *Graves*, 42 Ill. App. 2d 438, 192 N. E. 2d 616; *Rose* v. *Hooper*, 175 Neb. 645, 122 N. W. 2d 753; *Tacoma Savings and Loan Association* v. *Nadham*, 14 Wash. 2d 576, 128 P. 2d 982; *Nelson* v. *Olympia Federal Savings and Loan Association*, 193 Wash. 222, 74 P. 2d 1019. In other jurisdictions statutes substantially similar to the building and loan association statute here under consideration have been held by many decisions to be purely for the protection of the financial institution and not to affect or establish the property rights of the persons in whose names the deposit or the account is entered as between themselves. *Black* v. *Black*, 199 Ark. 609, 135 S. W. 2d 837; *Idaho First National Bank* v. *First National Bank of Caldwell*, 81 Idaho 285, 340 P. 2d 1094; *Sinift* v. *Sinift*, 229 Iowa 56, 293 N. W. 841; *Spark* v. *Brown*, 167 Kan. 159, 205 P. 2d 938; *Northcott* v. *Livingood*, (La. App.) 10 So. 2d 401; *New Hampshire Savings Bank* v. *McMullen*, 88 N. H. 123, 185 A. 158; *Goc* v. *Goc*, 134 N.J.Eq. 61, 33 A. 2d 870; *Reeves* v. *Reeves*, 102 N.J.Eq. 436, 141 A. 175; *Gordon* v. *Toler*, 83 N. J. Eq. 25, 89 A. 1020; *Nichols* v. *Metropolitan Life Insurance Company*, 137 Ohio St. 542, 31 N. E. 2d 224; *Barbour* v. *The First Citizens National Bank of Watertown*, 77 S. D. 106, 86 N. W. 2d 526; *Quesenberry* v. *Funk*, 203 Va. 619, 125 S. E. 2d 869; *King* v. *Merryman*, 196 Va. 844, 86 S. E. 2d 141; *In re Ivers' Estate*, 4 Wash. 2d 477, 104 P. 2d 467; *Marshall and Ilsley Bank* v. *Voigt*, 214 Wis. 27, 252 N. W. 355.

In the *Quesenberry* case the statute involved provided that "When a deposit has been made, or shall hereafter be made, in any bank or trust company transacting business in this State, under the names of two or more persons, payable to either, or payable to the survivor or any survivor, such deposit, or any part thereof, or any interest or dividend thereon, may be paid to any of such persons, whether the other or others be living or not, and the

receipt or acquittance of the person so paid shall be a valid, sufficient and complete release and discharge of the bank or trust company for any payment so made." The court held that the statute established no presumption as to the ownership of the money as between the two persons named in the joint account, with or without extended right of survivorship, and that the statute was written for the protection of the bank and was not declaratory of the rights of the depositors in the funds as between themselves. The holding in the *Quesenberry* case represents the decided weight of authority with respect to statutes in substantially similar form to the Virginia statute considered in that case and is in accord with the better considered cases which deal with like statutes in various jurisdictions.

In *Sinift* v. *Sinift*, 229 Iowa 56, 293 N. W. 841, the court held that a statute providing that bank deposits payable to either or the survivor of two named depositors may be paid to either, was enacted to protect banks in the payment of funds and did not affect the title to deposits or determine the legal rights of the depositors as between themselves and did not operate to make the survivor of two holders of joint certificates of deposit the absolute owner of the money deposited. The statute involved in that case is substantially similar to the building and loan association statute here under consideration and contained this language: "Deposit in names of two persons. When a deposit shall hereafter be made in any bank or trust company in the names of two persons, payable to either, or payable to either or the survivor, such deposit, or any part thereof, or interest or dividend thereon, may be paid to either of said persons whether the other be living or not, and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank, banker, or trust company for any payment so made." In the opinion, in discussing the foregoing statute and citing numerous authorities in support of its conclusion, the court used this language:

"The legal relationships created by the establishment of joint bank deposits have long perplexed the banks, the

depositors and the courts. The banks, in particular were in a continuous quandary, since until the rights of depositors were determined they could not be certain to whom the account might be safely paid. To remedy the situation many of the states passed statutes substantially identical in import with Section 9267. Volume 45 of the Bankers Law Journal, 733, 813, 897 (1928), sets out the legislative enactments of many of the states, as of that date, covering this matter. But, as stated in an article in the Cornell Law Quarterly, Volume 15, pages 96 et seq., 'these statutes did not settle the rights of the depositors among themselves'. It is only when there is no evidence as to intent, that the form of the deposit becomes a determining factor. That such legislation was enacted for the protection of banks with respect to the payment of the funds, and does not affect their title to the deposit, or determine the legal rights of the parties thereto as between themselves, clearly appears from the following holdings from different courts: In *Clark* v. *Bridges*, 163 Ga. 542, 136 S. E. 444, 446, the court said: 'It does not affect the right of the property as between the parties; that is, between the depositor and the third person claiming the deposit. It has no applicability to the title to the money as between the depositor and the third party.' The Mississippi court in *Godwin* v. *Godwin*, 141 Miss. 633, 107 So. 13, 14, said: 'Its main purpose was to provide for the release and discharge of a bank by the payment of a fund to the survivor of joint deposits of funds in bank, and makes no effort to amend, alter, or change in any manner the laws of descent and distribution.' In *Rice* v. *Bennington County Sav. Bank*, 93 Vt. 493, 108 A. 708, 712, that court said: 'The provisions of G. L. 5376 are for the protection of the bank paying money to persons named in deposits made in the manner specified in the statute, and do not change or affect the title to such deposit.' After speaking of alternative deposits, and regardless of whether the fund was claimed as a gift, under a declaration of trust, or as a contract, and stating that in any such case the intent of the depositor was largely determinative of the actual ownership, the Wisconsin court *(Marshall & Ilsley Bank* v. *Voigt*, 214 Wis. 27, 252 N. W. 355, 357), in refer-

ring to Section 221.45 of the Statute, said: it ' * * * does not alter the law as stated above, or aid in determining whether there has been a completed gift or transfer * * * . The purpose and effect of that statute are to render legally effective receipts or acquittances given to a bank upon its payment of a deposit to either of the persons to whom an account was made payable, regardless of the actual legal rights of such persons, as between themselves, to such deposits.' The New Hampshire court, in *New Hampshire Sav. Bank* v. *McMullen*, 88 N. H. 123, 185 A. 158, 161, states: 'The purpose of P. L. c. 261, § 28, is to protect savings banks and not to determine the rights of depositors and those claiming under them. *Dover Cooperative Bank* v. *Tobin's Estate*, supra, 86 N. H. 209, at page 211, 166 A. 247.' In *Gordon* v. *Toler*, 83 N.J. Eq. 25, 89 A. 1020, 1021, with reference to a savings account, payable to the depositor or her sister or the survivor, the court said: 'The question is whether this section was intended to do anything more than protect savings banks. It certainly was not designed to make that a gift which, according to the evidence, was not a gift, present or future, but only a convenient way of drawing money, * * * '. * * * . Appellant refers to the certificates of deposit as three party contracts. This is true with respect to the right to make and to receive payment, but it is not true with respect to fixing or determining ownership, in fact, of the funds deposited, as between the joint payees. The appellant had the right to receive payment of any joint certificate, and there were many of them, but there is no evidence that she had a right to use the proceeds as her own by investment or otherwise, so as to deprive her husband of his ownership, title, or dominion over these funds."

Though paragraph (c), Section 8, Article 6, Chapter 31, Code, 1931, as amended, does not establish the property rights of the persons to whom shares, share accounts or accounts are issued by a building and loan association in such shares or accounts payable to either of two or more persons or the survivor, as between such persons, or create a joint tenancy with the element of survivorship, a

joint tenancy in such shares or accounts may, of course, be created in this jurisdiction by contract which indicates clearly the intention of the persons to create such joint tenancy, and the ownership of such persons as between themselves may likewise be established by gift or by a declaration of trust for their benefit.

The substantial difference between the banking statute, relating to deposits by two or more persons payable to either or the survivor, and the building and loan association statute, relating to shares or accounts issued by such association to two or more persons payable to either or the survivor, poses a question as to whether such difference is desirable or beneficial to the respective institutions to which the statutes apply or their depositors. Any such question, however, is one of policy and may not be considered or dealt with by this Court and any change with respect to either or both of such statutes if deemed desirable is, of course, a matter for the Legislature and not for the Courts.

The evidence supports the finding of the circuit court that the defendant, Clara Harman DeLong, is the owner of 20.4% of the account and its accruals and that the remaining 79.6% of the account and its accruals is part of the estate of George Gale DeLong, deceased, and that finding will not be disturbed on this appeal. "The finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." Point 6, syllabus, *Daugherty* v. *Ellis,* 142 W. Va. 340, 97 S. E. 2d 33. See also *Lewis* v. *Dils Motor Company,* 148 W. Va. 515, 135 S. E. 2d 597; *Dunning* v. *Barlow and Wisler, Inc.,* 148 W. Va. 206, 133 S. E. 2d 784; *General Electric Credit Corporation* v. *Fields,* 148 W. Va. 176, 133 S. E. 2d 780; *Cotiga Development Company* v. *United Fuel Gas Company,* 147 W. Va. 484, 128 S. E. 2d 626; *Edwards* v. *Hylbert,* 146 W. Va. 1, 118 S. E. 2d 347; *Martin* v. *Williams,* 141 W. Va. 595, 93 S. E. 2d 835, 56 A.L.R. 2d 756; *Green* v. *Henderson,* 136 W. Va. 329, 67 S. E. 2d 554.

For the reasons stated and under the authorities cited and quoted from in this opinion this Court holds that paragraph (c), Section 8, Article 6, Chapter 31, Code, 1931, as amended, was enacted primarily for the protection of building and loan and federal savings and loan associations in the payments of their accounts to the persons in whose names they are listed or either of them or the survivor and, unlike Section 23, Article 8, Chapter 31, Code, 1931, does not create or restore a joint tenancy with the element of survivorship as it existed at common law as to shares or accounts issued by such associations to two or more persons, payable to either or the survivor, and does not affect or establish the property rights of such persons as between themselves.

The judgment of the Circuit Court of Mason County is affirmed.

*Affirmed.*