# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHELLE BARRETT,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-293** (Fam. Ct. Berkeley Cnty. Case No. FC-02-2005-D-944)

**SPENCE BARRETT,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michelle Barrett ("Wife") appeals the Family Court of Berkeley County's June 23, 2023, "Final Order – Denying Petitioner's Rule 25 Motion for Reconsideration." Respondent Spence Barrett ("Husband") timely filed a response.[1] Wife filed a reply. The issue on appeal is whether the family court abused its discretion or otherwise erred when it required Wife to convey property to their two children as tenants in common.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' oral and written arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter came before the family court on Husband's "Motion to Enforce Judgment," wherein he sought to enforce a certain provision in the parties' 2011 settlement agreement and a corresponding order incorporating and restating many of the terms in the settlement agreement entered by the family court on February 15, 2011 ("Settlement Agreement and Order"). The provision at issue (expressly included in both the agreement and the court's order) involved the conveyance of two tracts — the Lanee Way and Boundary Lane properties, which originally belonged to Husband's family but were conveyed to both parties after marriage (the "Property"). In addition to the parties' marital home, additional dwellings and mobile homes were placed on the Property. The dwellings and mobile homes were rented to tenants during the course of their marriage.

The parties were divorced by final order entered on March 30, 2006, and both parties retained an equal interest in the Property through equitable distribution. However, equitable distribution issues surrounding Husband's delayed payments to Wife continued to be litigated for several years. The parties eventually settled. As part of the Settlement

---

[1] Wife is represented by Christian J. Riddell, Esq. Husband is represented by Gregory A. Bailey, Esq.

Agreement and Order, Husband conveyed to Wife all right, title, and interest in and to the Property in full satisfaction of his equitable distribution obligation. The Settlement Agreement and Order require that the Property "shall be conveyed to the parties' children, Cody Spencer Barrett and Ashlee Lanee Barrett, once both attain the age of 25 and are able to take sole responsibility of said properties."

On July 28, 2022, Husband filed with the family court a petition for contempt against Wife to enforce the Settlement Agreement and Order, regarding the Property to be conveyed to their children.[2] The parties appeared for a final hearing on January 26, 2023. At that hearing, Husband testified that he had approached Wife several times about the Property once the youngest child turned twenty-five years old. Husband conceded that it was primarily Wife who managed the Property.

Wife testified that pursuant to their Settlement Agreement, she believed that she should be the one to determine when the children "are able to take sole responsibility of said properties." Further, Wife testified that the children were not ready to take over the Property. She testified that she ran the rental business without help from Husband or their son, Cody. She testified that she had tried to involve Cody, but to no avail. She suggested that Cody was not responsible enough to manage the property, as evidenced by his failure to follow through by making payments toward a rental unit that she helped him acquire. Wife also testified that their two children have a strained relationship and will not be able to cooperate with one another to manage the Property. Wife further testified that Cody had never paid rent or electric bills until he turned thirty years old and stopped paying rent to her in 2021.

Cody testified that he has resided on the Property since 2017 with his wife and two children. He is a West Virginia State Trooper, who grew up assisting his parents with the Property, and is confident that he can make small repairs, was approved for a loan, and was prepared to take on the remaining indebtedness of the Property without his sister's help.[3] He conceded that he was not aware of the day-to-day operations of the rentals. He further testified that he originally paid rent to Wife but recently stopped paying it because he believed the Property should be his.

Ashlee is an occupational therapist who is employed in her field. She testified that Cody is not financially prepared to take on the Property. She further stated that she does not trust Cody because he has failed to pay rent, does not communicate with her, and assumes she will take a back seat position in the management of the Property. She testified

---

[2] At the time Husband filed his motion, both children had reached the age of twenty-five.

[3] The remaining balance on the loan for the Property is approximately $275,402.28.

2

that she believed the business would fail if Cody was solely in charge of managing it. Lastly, she testified that she does not have the time to manage the Property and is not ready to take on the indebtedness. She requested that Wife be allowed to continue to manage the Property so that it can be conveyed to her and Cody when both are ready to manage it.[4]

On April 21, 2023, the family court entered its final order granting Husband's motion to enforce the Settlement Agreement and Order and directing conveyance of the Property to Cody and Ashlee. Wife filed a motion for reconsideration or alternatively, a motion for stay pending appeal. In support of her motion for reconsideration, Wife argued that she was just made aware that Cody has been operating the Property as a rental business under the name "KOL Rentals," which has not been registered with the State of West Virginia as a business entity. Wife contended that this newly acquired information suggests that Cody has begun engaging in illegal conduct which imperils both his and his sister's interest in the Property. Wife also states in her motion that she does not agree with the Property being divided equally between the children as tenants in common, as the Settlement Agreement and Order made no express provision as to the percentages that each child would receive.

The family court entered its order on June 23, 2023, denying Wife's motion for reconsideration. The family court held that Wife's claims did not rise to the level of reconsideration and noted that neither party filed objections under Rule 22(b) of the Rules of Practice and Procedure for Family Court prior to the entry of the final order. The family court entered an order granting Wife's motion for stay on August 25, 2023. It is from the June 23, 2023, order that Wife now appeals.

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Wife asserts two assignments of error. First, she argues that the family court erred in finding that the conditions precedent had been met for the conveyance of the property. Wife further argues that principles of contract interpretation indicate that it was within her sole discretion (and not the family court's) to decide when the conditions precedent were met. We disagree. "The mere fact that parties do not agree to the

---

[4] Several tenants on the property also testified expressing concerns about Cody's behavior. The testimony was duly considered by the family law judge.

construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court." Syl. Pt. 1, *Berkeley Cty. Pub. Serv. Dist. v. Vitro Corp. of Am.*, 152 W. Va. 252, 162 S.E.2d 189 (1968). Further, "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syl. Pt. 1, *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962). Our Supreme Court has also held that "[i]f it appears to the court that the terms [of the settlement agreement] are fair and reasonable [the court] may approve them, ratify them or merge them, and by whatever words [the court] uses they shall become part of the decree and binding on everyone including the court." *Burnett v. Burnett*, 208 W. Va. 748, 755, 542 S.E.2d 911, 918 (2000) (citation omitted).

Here, the language of the Settlement Agreement and Order is unambiguous – the Property shall be conveyed to Cody and Ashlee when they both reach the age of twenty-five and "are able to take sole responsibility." While it is true that Wife became the sole owner of the Property in 2011, that does not mean that she has the sole authority to determine whether the standards in the Settlement Agreement and Order are met. Cody and Ashlee reached the age requirement several years ago and Wife chose not to convey the Property. Wife testified that her criteria for determining whether Cody and Ashlee are "able to take sole responsibility" was that both Cody and Ashlee had to "agree[] as to what to do with the Property collectively." Cody and Ashlee have a strained relationship. Husband argued that without redress to the family court to enforce the Settlement Agreement and Order, Wife could choose to retain the Property indefinitely, which contradicts the plain terms and intent of the Settlement Agreement and Order's requirement that the Property be conveyed to the children. We agree. The record reflects that the terms of the Settlement Agreement and Order were reasonable and fair at the time the family court ratified it in 2011. Accordingly, we find that the family court did not err when it found that the Settlement Agreement and Order was not ambiguous and could be applied and enforced by the family court.

Wife also argues that even if the family court was the correct arbiter, the family court was clearly wrong in deciding that the conditions had been met.[5] Again, we disagree. The family court applied an ordinary meaning to the terms in the Settlement Agreement and Order.[6] The record reflects that the family court took extensive testimony on whether

---

[5] Neither party argues that the age requirement has not been met. The record reflects that Cody was thirty years old and Ashlee was twenty-eight years old at the time of the hearing.

[6] For instance, Black's Law Dictionary (11th ed. 2019) defines "able" as "[c]apable of performing one or more relevant tasks or having skill at an acceptable level of facility."

4

Cody and Ashlee were "able to take sole responsibility" of the Property as contemplated by the Settlement Agreement and Order. Much of the testimony centered around some of Cody's behavior that Wife believed was indicative that he was not ready to assume the financial and managerial responsibility of a rental business.[7] Although there was some contrary testimony presented at the hearing below, we find no reason to disturb the family court's finding that both Cody and Ashlee are able to take full responsibility of the Property. Cody and Ashlee both work full time jobs in demanding fields. Cody works as a West Virginia State Trooper and Ashlee is a Doctor of Occupational Therapy. There is no requirement in the Settlement Agreement and Order that Cody or Ashlee have any specialized training to manage a rental business. Accordingly, given our deferential standard of review, we find that the family court did not err or abuse its discretion when it found that Cody and Ashlee were able to take sole responsibility for the Property.[8]

As her second assignment of error, Wife argues that the family court erred in dictating the percentage of ownership to be conveyed to each child. We find no merit in this argument. "[I]n construing a grant to two or more persons, the courts will regard it as creating a tenancy in common, unless a contrary intent, sufficient to negative the presumption arising from the statute, plainly appears in the instrument itself." *DeLong v. Farmers Bldg. & Loan Ass'n*, 148 W. Va. 625, 633, 137 S.E.2d 11, 17 (1964) (citation omitted). Moreover, the conveyance will be presumed to be an equal distribution unless the language or circumstances of the conveyance indicates a contrary intent. *See* Restatement (First) Property § 243(f) (1940). Given the absence of language to the contrary, the family court did not err when it presumed that Wife and Husband intended that the Property be conveyed equally to each sibling as tenants in common.

Accordingly, we affirm the Family Court of Berkeley County's June 23, 2023, "Final Order – Denying Petitioner's Rule 25 Motion for Reconsideration."

---

[7] Wife also seems to argue that since Cody is "not sure" about whether he will continue the rental business, then he is not responsible enough to take on the Property. As the partial owners of the Property, Cody and Ashlee are under no legal obligation to continue the rental business. Their willingness to continue the rental business has no bearing on whether the conditions precedent have been met.

[8] Ashlee testified that she does not want to currently take ownership of the Property. We reiterate the family court's finding that the conveyance does not require her to take ownership or run the rental business; the Settlement Agreement and Order merely compels the gratuitous conveyance of the Property to the children. Assuming she does not disclaim the conveyance to her, Ashlee may further convey her interest, seek a partition action in circuit court, engage a third-party property manager, or take such other actions with respect to her interest in the Property as she sees fit.

5

Affirmed.

**ISSUED:**  May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear